McKibbon *vs.* Folds.

Thomas McKibbon, plaintiff in error, *vs.* Elizabeth A. Folds, defendant in error.

1. Where one who holds land adversely to the widow's right of dower, but who was not notified of the application, comes in, at the return term of the commission, and contests the return, he can not object to the order of the Court appointing the commissioners, on the ground that one of them was not a free-holder.
2. When, in an issue on the return of commissioners to lay-off dower, the applicant opened the case by proof to sustain the return, and the contestant replied with proof attacking it, it is too late for the contestant to claim that he has a right to open and conclude the argument before the jury.
3. In an issue on the return of commissioners to assign dower, it is error for the Court to charge the jury, that in estimating the value of the land, (other than the dwelling-house and curtilage,) they ought not to consider improvements, such as log dwellings, etc., "unless these improvements are of considerable value, such as a two-story house, etc."

Dower.   Charge of the Court.   By Judge Green.   Butts Superior Court.   September Term, 1868.

Elizabeth A. Folds applied for assignment of dower out of the lands of her deceased husband. Commissioners were appointed, and assigned her forty-seven acres of said lands. She traversed their return, and had it set aside, and another set of commissioners were appointed by the Court to make said assignment.

In 1857, said husband had mortgaged his land to Thomas McKibbon. In 1867, a rule absolute was granted, foreclosing said mortgage. A *fi. fa.* issued, and under it, said land was sold by the sheriff, and bought by the martgagee, in December, 1867. The sale was made, subject to the widow's dower, and the deed conveyed the whole, " the widow's dower excepted." It was stated, at the sale, that she would traverse the assignment already made. McKibbon was put into possession.

At September Term, 1868, said last named commissioners made their return, and Mrs. Folds's attorneys sought to make it the judgment of the Court. Thereupon, said McKibbon, by permission of the Court, was made a party,

and traversed said last return, upon the following grounds :

1st. There is a return of former commissioners, which has never been legally set aside, the same being done without notice to the parties in interest, and upon insufficient grounds, and without the intervention of a jury.

2nd. No legally qualified commissioners were ever appointed by said Court, in pursuance of the statute in such case made and provided, for the admeasurement and assignment of said dower, three of said commissioners not being free-holders.

3rd. Said commissioners were never sworn to the performance of said duty, as required by law.

4th. Said admeasurement and assignment were illegally made in this, that the portion of the land assigned said widow, exceeded in valuation one-third of the value thereof, embracing three settlements, consisting of houses and tenements, and none of which were valued, and they had no respect to the shape or valuation of the lands out of which said dower was laid off and admeasured.

Mrs. Folds's attorneys demurred, and moved to strike out said second ground. The Court ordered it stricken out. McKibbon's attorneys then insisted that they had the right to open and conclude, both with the evidence and the argument, but the Court decided otherwise, and ordered the attorneys of Mrs. Folds to proceed. Testimony was then introduced by the parties. It was shown that the formalities of the statute had been complied with. The fight was made upon the fitness of this new assignment, as to quantity, value, and location. It appeared that the whole premises contained two hundred and thirty-seven and a half acres, and that, of them, these new commissioners assigned to her, as dower, seventy-four acres. The commissioners and others testified, that they had carefully examined the land, gave a description of it, and said they thought their assignment was a fair one-third of the premises, according to valuation, etc. They stated that, in fixing values, they did not put any value upon the "settlements" outside of the curtilage. It appeared that, about one hundred and fifty yards from the mansion-house,

there was an house occupied by John J. Folds, step-son of said widow, and that there was another cabin which had been moved, (since the dower was laid off,) out of the yard of the mansion-house, and about fifty yards from it, but still on the assigned dower.

On the part of McKibbon, many witnesses were examined, who testified as to the value of said dower land, as compared with that left to McKibbon, all agreeing that the dower was over one-third of the value of the whole tract, exclusive of the mansion-house and appurtenances, one of them saying that what was left to McKibbon was good for nothing, "except to hold the earth together." They testified that Mrs. Folds's part was compact, and on the middle of the lot; that McKibbon's was in two parcels, separated by hers and a rocky hill, etc. Of those "settlements," it was said, one was a tolerably comfortable log cabin, worth $40 00 or $50 00, and the other was a tolerably comfortable log dwelling, with smoke-house and stables, and worth, at a low estimate, $75 00 or $100 00. One witness thought the dower lands, independent of improvements, worth $100 00 more than the two-thirds left to McKibbon. These witnesses varied in their valuation of the lands and the improvements, but all agreed that the dower was too much, and improperly laid out.

McKibbon's attorneys asked the Court to charge the jury, that it was the duty of the commissioners, in setting apart the dower, to take into consideration the improvements on the land, outside of the residence occupied by the widow, and if they did not do so, their return ought to be set aside. The Court refused to charge as requested, but charged, that it was the duty of the commissioners to take into consideration any important improvements, such as a good two-story building, or other such good building, outside of the homestead; that they had no right to take into consideration the other improvements, connected with the house and residence of Mrs. Folds; that it was not expected that they should arrive at mathematical certainty, and that any small difference in value would not avoid the return; that in consider-

ing improvements, he did not think it was the duty of commissioners to estimate the value of any little improvements in the way of small-log cabins or shanties, an hundred and fifty yards, or such a matter, from the residence of Mrs. Folds. He then stated the legal rules for assigning dower, and charged that, if the assignment was not so · made, and fair and equitable, it should be set aside.

They also requested him to charge, that the statute requires the appointment of five free-holders, to admeasure, lay off, and assign dower, and that the appointees of the Court not being free-holders, at least as to three of them, said return was unauthorized by law, and should be declared void, and set aside. The Court refused so to charge. The verdict was in favor of the return of the commissioners. McKibbon sued out his bill of exceptions, assigning as error the striking of the second ground of his traverse, the refusal to allow his attorneys to open and conclude in the cause, the refusal to charge as requested, and the charge as given.

LYONS, PEEPLES & STEWART, for plaintiff in error, cited on their 1st point, sec. 3969 of the Code; on their 2d, sec. 3974 of the Code ; and as to the charge, secs. 1753, 3664 of the Code. *Keller vs. Dillon,* 26 *Ga. R.,* 701 ; *Glass et al., vs. Cook,* 30 *Ga.,* 133.

L. T. DOYALL for defendant in error.

McCAY, J.

1st. McKibbon, if he is made a party to this proceeding, at his own motion, must take the case as he finds it. He can take no exceptions, not good in the mouth of the defendant, to whose care he has attached himself. If there was a good objection to one of these commissioners, it ought to have been made at the time of the appointment. The then defendant failed to object. It is, therefore, waived, and McKibbon, coming in now, is bound by that waiver.

2d. There is some confusion in the cases, on who has the right to open and conclude, in questions of this character.

The current of our decisions is, that it belongs to the party moving; instituting the proceedings, and having power to control them. *Weeks and wife vs. Seago,* 9 *Ga.,* 199; *Harrison vs. Young,* 9 *Ga.,* 359; *Dickerson vs. Croom,* 24 *Ga.,* 211. The case of *Johnson vs. Martin,* 25 *Ga.,* 268, at first reading, would seem to conflict with these cases. There, however, the Court puts its decision on the ground that it was purely an issue of *fraud,* and as, in such a case, the burden of proof *must* be on the party charging the fraud, he has the right to open and conclude.

In the case before us, though the only question was in sustaining the report, yet, in such issues generally, the fact of widowhood, the seizin, and other questions might arise, and our inclinations are, to hold that the applicant for dower holds the affirmative, and must open and conclude. It was too late, at any rate, after the plaintiff had gone on, and a reply had taken place, to make the question. Whoever opens the case, with the evidence, if he has a right so to open, has the same right in the argument.

3. The statute is express, that (except as to the dwelling, which includes what is necessary to its enjoyment,) the dower is to be laid off, having respect to shape and valuation. Section 3969. See, also, section 1753 Irwin's Code. We do not think the jury ought to set aside the return because of a trifling excess of value on one side or the other. But it is their duty to consider the value of the lands set off, as well as that left, and *any* thing, which adds to that value, is matter for consideration.

We hold, therefore, that the Court erred in instructing the jury that they were not to *consider* a log-house or other shanty. That is true, if it has no value, but they must consider the value of the whole, including every thing which adds to, or lessens, that value.

Judgment reversed.