29929. KILLGO *et al.,* executors, *v.* DODSON.

DECIDED JULY 16, 1943.

*Anderson & Trapnell,* for plaintiff in error.
*Hugh R. Kimbrough,* contra.

BROYLES, C. J. Mrs. Emma Dodson applied for dower out of 265 acres of rural land, more or less, of which her husband, C. M. Dodson died seized and possessed, and the commissioners appointed by the judge of the superior court assigned her as dower 70 acres of said tract. M. F. Killgo and J. C. Trapnell, as executors of the will of C. M. Dodson, traversed the return of the commissioners, and the jury trying the issues presented by the traverse found in favor of the return. The executors made a motion for new trial based on the general grounds, and three special grounds complaining of excerpts from the court's charge. The court overruled this motion, and to that judgment the executors excepted.

The third special ground avers that the court erred in charging the jury as follows: "So when I use the word 'caveat' I mean they came in and filed objection to the return, and state—'you did not follow the law, that there was a gross abuse of the commissioners'

discretion and it is not a fair return under the law. That is the objection and [that?] it is not a fair return under the law. That is the objection filed, and that is the issue for the jury now. . . Take the case under the law, and if you find that these commissioners went out there and viewed the premises with such aid and assistance as they might see fit to have, and that the return of the commissioners was filed in this court, and you are trying the case, if you believe that they went out there and fairly and honestly undertook, in the exercise of their discretion, to set apart one-third of the real estate in favor of the widow, exclusive of the main dwelling, then find in favor of the return. If you find they made a return as a result of the gross abuse of discretion, that they were not actuated by what the law points out, and that is valuation, taking into consideration everything on the premises exclusive of the main dwelling, if you find there was a gross abuse of discretion on the part of the commissioners in their finding, then you find in favor of the caveat." Movants aver that the charge was erroneous for the following reasons: "(a) It was argumentative in favor of the return of the commissioners and against the contentions of the caveators. (b) It eliminated from the consideration of the jury any question of error in the manner or method of cutting the dower lands from the entire tract owned by the estate and restricted the issue to a question of valuation. (c) It eliminated from consideration of the jury any question of an honest mistake of law or fact on the part of the commissioners assigning dower, and placed on caveators the responsibility of proving a gross abuse of discretion that the return had been dishonestly made—a greater burden than is required by law."

The traverse of the return substantially avers that the commissioners failed "to give due regard to the shape and valuation of decedent's lands and tenements as provided by law," in that the dower tract, consisting of 70 acres of land and containing only about 3 acres of cultivated land, had thereon, exclusive of the main dwelling, several tenant houses and other buildings, and was traversed by a public road; while the remainder of the tract included approximately 70 acres of cultivated land, but had located thereon "only one small tenant house and barn and is not served by any road, either public or private, and can be reached only by a private way through an enclosed portion of the lands set aside as dower."

The traverse then alleges that "by reason of the manner in which said dower was laid off its value is in excess of one-third the valuation of all lands and tenements of which . . C. M. Dodson died seized and possessed;" and that "the manner in which said dower was assigned leaves the remainder of the tract of land from which it was cut in such an isolated condition as to make it impossible to sell the same except at a large sacrifice, thereby creating for the applicant an inequitable and unconscionable advantage over the beneficiaries under the will of . . C. M. Dodson."

"Dower is the right of a wife to an estate for life in one-third of the lands, according to valuation, including the dwelling house (which is not to be valued unless in a town or city), of which the husband was seized and possessed at the time of his death, or to which the husband obtained title in right of his wife." Code, § 31-101. The part of Code, § 31-203, which is applicable to the facts of this case follows: "The superior courts, in term time, or the judges thereof at chambers, shall have power and authority, upon the written application of any person entitled to dower in any lands and tenements, to appoint five fit and discreet freeholders of the county in which the application is made, and cause the clerk of the court to issue a writ for that purpose, directing said freeholders, or a majority of them, to enter upon such lands and tenements, and to admeasure, lay off, and assign the dower to which the applicant is entitled by law in such lands, having regard to the shape and valuation of the same." "The statute is express, that (except as to the dwelling, which includes what is necessary to its enjoyment), the dower is to be laid off, having respect to shape and valuation. Section 3969. See, also, section 1753 Irwin's Code. We do not think the jury ought to set aside the return because of a trifling excess of value on one side or the other. But it is their duty to consider the value of the lands set off, as well as that left, and anything which adds to that value, is matter for consideration." *McKibbon* v. *Folds*, 38 *Ga.* 235, 240 (3).

While we decline to reverse the judgment of the trial court either because the excerpt complained of was "argumentative in favor of the return," as contended in assignment of error (a), or because "it eliminated from [the] consideration of the jury any question of error in the manner or method of cutting the dower lands from the entire tract . . and restricted the issue to a question of valua-

tion," as contended in assignment of error (b), we think that, in view of the issues presented by the traverse, it would have been better if the court had so instructed the jury as to clearly apprise them of the fact that, in arriving at their verdict, they should consider both the shape and valuation of the land in question.

We are satisfied, however, that assignment of error (c) is good. The court substantially instructed the jury that they should find in favor of the return if they believed that the commissioners "fairly and honestly undertook, in the exercise of their discretion, to set apart" the dower. It is quite conceivable that commissioners of the highest integrity might fairly and honestly undertake to assign dower and yet fall far short of their honest endeavor. The correctness and fairness of the commissioners' finding, and not their good intentions, are the things for the jury to consider. And while the jury should not set aside the return "because of a trifling excess of value on one side or the other" (*McKibbon* v. *Folds,* supra), we are satisfied that it was error for the court to instruct the jury that they should find in favor of the caveat if there "was a gross abuse of discretion on the part of the commissioners in their finding." In short, we hold that the charge was reversible error because it strongly tended to "eliminate from [the] consideration of the jury any question of an honest mistake of law or fact on the part of the commissioners" in assigning dower, and because it very probably led the jury to believe that they should *only* find in favor of the caveat "if there was a gross abuse of discretion on the part of the commissioners in their finding."

It is not likely that the questions presented by the first and second special grounds of the motion for a new trial will recur on another trial of the case, and the general grounds are not for our consideration at this time. The judgment is reversed solely for the reasons pointed out above.

*Judgment reversed. MacIntyre and Gardner, JJ., concur*