MASON & DICKINSON, plaintiffs in error, vs. WILLIAM W. CROOM, defendant in error.

WILLIAM W. CROOM, plaintiff in error, vs. MASON & DICKINSON, defendants in error.

[1.] A main issue in the trial of which the merits of the principal cause depends, is not a collateral issue, and the party cast is entitled to an appeal on complying with the terms imposed by the statute.

[2.] The party on whom the burden of proof rests has the right to open and conclude the cause before the jury.

[3.] Defendants' plea must be a full answer to the plaintiff's case, so far as he intends to answer to it.

[4.] The sayings of an agent are not admissible against his principal, except as they form a part of the transaction, or *res gestæ.*

[5.] When a plea of tender is filed, the defendant should bring the thing tendered into Court, or aver his readiness to do it.

Foreclosure, and new trial, from Baker country.    Decision by Judge ALLEN, November Term, 1857.

This was an application to foreclose a mortgage which had been executed by Mason & Dickinson to William W. Croom, to secure the payment of two notes made by them to him.    When the *rule nisi* which had been granted came on for hearing, the defendants showed, for cause why the same should not be made absolute, that the mortgage deed had been executed by them upon the distinct promise on the part of Richard Hobbs, one of the firm of Hines & Hobbs, plaintiff's attorneys, that the same should be cancelled when they should turn over to the said Hines & Hobbs, collaterals on solvent persons, sufficient to pay off the notes; that they had paid the said Hines & Hobbs part of the amount due on the said mortgage debt, and tendered to them the amount of the balance in collaterals; but that Hines & Hobbs refused to accept the same, alleging that they were not good and collectable.    The jury returned a verdict for the defendants, and the plaintiff carried the case to the appeal.

The defendants, when the case came on to be heard, moved the Court to dismiss the appeal, on the grounds, that the issue found in said cause was a collateral one, and that no appeal could be taken from the verdict rendered in the cause. The Court overruled the motion, and permitted the cause to proceed, and the defendants excepted.

Plaintiff's counsel then offered in evidence the mortgage, the notes it was given to secure,, the *rule nisi* to foreclose, and closed.

The defendants' counsel introduced *William E. Smith*, who stated, that Richard Hobbs had told him that they would deliver up to the defendants the mortgage, whenever defendants turned over to them collaterals in its place, sufficient to secure the debt; that Dickinson, one of the firm, had tendered them collaterals, but that they had refused them, as they could foreclose the mortgage and realize the money sooner that way, than they could by suing the collaterals tendered.

Defendants' counsel claimed the right to open and conclude, under the 55th common law rule, and moved the Court to give them that privilege. The Court overruled the motion, and allowed counsel for the plaintiff to open and conclude, and defendants' counsel excepted.

The jury found for the plaintiff.

Defendants' counsel moved for a new trial, on the following grounds:

1st. Because the Court erred in not dismissing the appeal, on the ground that the issue was a collateral one, and no appeal could be taken from the verdict rendered thereon.

2d. Because the Court erred in ruling, that counsel for defendants, on the trial of said issue, were not entitled to the opening and conclusion before the jury.

Mason & Dickinson vs. Croom.

3d. Because the jury found contrary to the charge of the Court, in·this, that if they should be satisfied from the evidence, that there was an agreement betwen plaintiff, by his attorneys, Hines & Hobbs, or either of them, and defendants, at the execution of said mortgage, that said mortgage should be given up whenever defendants should give them good collateral notes for security of the debts covered by said mortgage, to the amount of said debt, and that said defendants had complied with their part of said agreement, by giving said collaterals, or offering to do so within a reasonable time, that then they must find for defendants.

4th. Because the finding of the jury was contrary to evidence.

5th. Because the finding was contrary to law.

On hearing the motion, the Court sustained the same, and· awarded a new trial on the 4th ground taken, but overruled the same on the first two grounds taken in the *rule nisi.*

Defendants' counsel then filed their bill of exceptions, alleging that the Court erred in not awarding a new trial on the first two grounds taken in the motion for a new trial, and also, that the Court erred in not dismissing said appeal, before the cause was submitted to the jury.

Plaintiff's counsel moved to strike out the plea which had been entered by the defendants, as insufficient and illegal. This motion was refused by the Court, and the plaintiff excepted.

Plaintiff's counsel also objected to the testimony of William E. Smith, offered in evidence by the defendants. This objection the Court overruled, and the plaintiff's counsel excepted.

The defendants offered in evidence certain receipts given by the said Hines & Hobbs, for sundry claims placed in their hands by the said Mason & Dickinson, to go in payment of

their debt to Croom.   To the admission of these in evidence, plaintiff's counsel objected.   The Court overruled the objection, and plaintiff's counsel excepted.

Plaintiff's counsel then offered to receive good notes in payment of the balance due on the mortgage, and moved the Court that such offer might be accepted.   The Court overruled the motion, and plaintiff's counsel excepted.

Plaintiff's counsel then offered to place Richard Hobbs on the stand, to prove the contract made with Mason & Dickinson.   The Court held that such evidence would be illegal; the said Hobbs being the attorney of the said plaintiff.

The Court charged the jury, that if they believed that there was a contract made between the said Croom or his attorneys, to satisfy and cancel said mortgage upon the delivery to them of good collateral notes to the amount of the debt, then, that if they had tendered good notes to said Hines & Hobbs, they should find for the defendant.   To this charge the counsel for the plaintiff excepted.

The jury returned a verdict for the plaintiff.

The defendant then moved for and obtained a new trial on the ground above stated.

To all the above rulings of the Court, and also to the charge so given to the jury, the counsel for the plaintiff excepted, and filed his bill of exceptions, assigning the same as error

LYON & IRWIN, for Mason & Dickinson.

HINES & HOBBS, contra.

By the Court.—McDONALD J., delivering the opinion.

Both parties except to the decision of the Court below on the motion for a new trial.   The Court granted a new trial

on the ground that the verdict of the jury (which was for the plaintiff,) was contrary to evidence.

The defendant's counsel having moved to dismiss the appeal entered by the plaintiff in the cause, on the ground, that the issue tried by the jury was a collateral issue, and no appeal could be taken from a verdict rendered on such issue, and the Court having refused the motion, the refusal of the motion was made a ground for the new trial.

After the evidence was closed, defendant's counsel insisted, that he was entitled to open and conclude the argument of the cause before the jury. The Court ruled otherwise, and this ruling of the Court was also incorporated amongst the grounds taken in the motion for a new trial. The Court below overruled both grounds.

[1.] The issue in this cause was not ordered by the Court to try a matter collateral to the main issue, and necessary to be determined before the trial of said main issue could proceed; but it was an issue which involved the plaintiff's right to recover, and was a principal issue. In all such cases, the party dissatisfied with the verdict of the jury may appeal, as a matter of right, upon complying with the terms imposed by the statute.

[2.] In regard to the right to open and conclude the argument before the jury, we will simply remark, that the burden of proof lay on the plaintiff, to prove his mortgage debt, as well as all matters preliminary to his right to have judgment of foreclosure, and the burden of proof thus resting upon him, he had the right to make the concluding argument to the jury. On the bill of exceptions, therefore, of the defendants in the Court below, we affirm the judgment of that Court.

The plaintiff brings up the same cause, and assigns error on the rulings and decisions of the Court during the progress of the trial.

[3.] The plaintiff's counsel moved to strike out the defendants' pleas. The first plea set out a special contract be-

tween mortgagor and agent of mortgagee, that the mortgage was to be given up and cancelled, whenever the defendants should turn over to plaintiffs attorneys a sufficient amount of collaterals or notes which were solvent and collectable, to pay off and discharge the amount of the indebtedness of the firm of Mason & Dickinson to the plaintiff. The plea avers, that they paid to plaintiff's attorneys, in cash or its equivalent, the sum of five hundred and ten dollars, and delivered also, in good collectable collaterals, the sum of nine hundred dollars or thereabouts, and tendered to them the full amount of the balance due on said mortgage debt in collaterals; and on their refusing to accept the same, in compliance with said agreement, the defendants offered and tendered the one-half of the balance due on said debt, after deducting the five hundred and ten dollars in cash, and the nine hundred dollars in collaterals so paid and delivered before that time—in cash and deliver the remainder in collaterals, provided the said plaintiff's attorneys would cancel and deliver up said mortgage, according to the agreement. It was objected to this plea, that it is not averred that the collaterals which were tendered were on solvent persons and collectable, and that they are not brought into Court and tendered in the plea. The Court below overruled the objection. It was the contract, that the collaterals or notes were to be solvent and collectable, and the plea must show that the collaterals tendered were of the description bargained to be received; if they were not, the plaintiff was under no obligation to receive them. The plea ought at least to have averred an offer to deliver them in Court. In these respects the plea is defective, and ought to have been stricken out.

[4.] The sayings of Hobbs ought not to have been received against the plaintiff, except when engaged in the performance or execution of the duties of his agency. The sayings of an agent, except as it forms a part of a transaction, are not admissible against his principal. They are then received as

auxiliaries in construing the act, and arriving at the purpose, object, and intent of the parties.

[5.] The Court ought to have charged the jury, that the defendant should have pleaded that the collaterals or notes solvent and collectable, were tendered to the plaintiff; and if he refused to receive them, that they had brought them into Court or were ready to bring them, to be delivered to the plaintiff in discharge of their contract.

The plaintiff was entitled to the security which was to be substituted for the mortgage, before he could be compelled to relinquish the security he had.

A tender bars the action, but not the right; and upon being pleaded, and proof of it being made by the defendant on the trial, the plaintiff would be compelled to pay the costs, provided he did at Court what he had offered to do, and which the plaintiff had refused, and that amounted to a compliance with his undertaking in all respects.

We overrule the other points made by the plaintiff in error in this case. We reverse the judgment of the Court upon the points indicated, but inasmuch as it might further the ends of justice to allow the case to be re-tried, we so order.

Judgment reversed.