Anthony and wife *vs.* Stephens *et al.*

EDWIN R. ANTHONY AND WIFE, plaintiffs in error, *vs.* ALEXANDER H. STEPHENS *et al.*, defendants in error.

1. Where property which came by the wife and to which the marital rights of the husband have attached, is conveyed away by the wife, with the full knowledge and consent of the husband, he is estopped from claiming title to the land. (R.)

2. Where to a deed the words, " On the express understanding and agreement on the part of said A. H. S. (the grantee) that the lot of land so conveyed is never to be sold to or occupied by negroes," are attached, they are words of covenant and not of condition. (R.)

3. The discretion of the Chancellor in refusing an injunction will not be interfered with, unless abused. (R.)

Injunction. Condition in deed. Covenant. Notice. Estoppel. Before Judge COLE. Bibb county. At Chambers. July 11th, 1872.

Edwin R. Anthony and his wife, Susan S. Anthony, filed their bill against Alexander H. Stephens, William P. Carlos, Austin Brighthaupt and his wife, Rose Brighthaupt, making the following case :

Susan S. Anthony, while a widow, purchased three lots in the city of Macon, lying side by side. She married Edwin

R. Anthony in the month of May, 1862, his marital rights thereby attaching to said property, though he generally allowed his said wife to manage the same.  The complainants reside on one of said lots, one is vacant, and the third is the subject-matter of this litigation.  Alexander H. Stephens approached the said Susan S. for the purpose of purchasing said lot, with a view, as he then stated, to building a house thereon for himself and his mother's family.  Previous to this time said Susan S. had had frequent applications from persons of color to purchase said lot, but had refused to sell to them because such a disposition of said property would have injured the sale of the other vacant lot and the value of her house.  Alexander H. Stephens, knowing these facts, and with the understanding that he would build and reside thereon, purchased the said lot for the sum of $900, $600 of which amount was paid in cash, and $300 some six or eight months thereafter, (on April 9th, 1869,) when said Susan S. executed a deed to said lot to Mrs. Emeline Stephens, as guardian for said Alexander H.  Some time after the execution of said deed, Austin Brighthaupt, a person of color, was seen examining said lot, and said Susan S., fearing that said Stephens would sell to him, she sent her son to said Stephens to protest against it.  Stephens replied that Austin was very anxious to buy, but that he would not sell to him if he could find another purchaser who was white.  Soon after this Austin took possession of the lot, built a fence around it and planted shade trees; but when said Stephens was about to execute a conveyance to said Austin, it was discovered that the deed from said Susan S., never having been signed by her said husband, conveyed no title.  Said Edwin R. declined positively to sign the deed, as he knew it would affect the value of the two remaining lots.  Stephens then proposed to take the lot back from Austin, and said that one Green J. Blake had agreed to lend him the money to pay Austin, and that he would agree in writing that if complainants paid to him a stipulated price within three months, and would both sign the deed, he would convey the lot back to them.

This agreement was drawn up, signed and delivered to complainants on March 4th, 1872. On the same day a second deed was executed to said lot, signed by both of complainants, containing the following clause attached to the warranty: "On the express understanding and agreement on the part of the said Alexander H. Stephens that the lot of land so conveyed is never to be sold to or occupied by negroes." Stephens promised to return the old deed, but has failed to do so. Soon after this Austin commenced to build on said lot. The son of said Susan S. called on Stephens and asked him what it meant. He replied that he did not know whether Austin intended to build on the lot or not; that he had sold it to William P. Carlos. Complainant's son stated that it was a trick to let Austin have it from the beginning, arranged between said Stephens, Carlos and Austin, and at the same time asked said Stephens what he meant to do about the written agreement he had given to let complainants have the lot back, to which he replied that he did not intend to let them have it back when he signed said agreement. On March 26th, 1872, said Stephens conveyed said lot to said Carlos, and on the same day, for the same consideration, said Carlos conveyed the same to Rose Brighthaupt, the wife of said Austin. Neither of defendants is worth more than $3,000 in gold, and therefore complainants would be remediless at law. At the time the second deed was signed, Stephens stated that he wished to deposit it as collateral security with Blake, in order that he might raise money with which to pay Austin.

Complainants pray that defendants may be restrained from going on with their unlawful and fraudulent building and improvements on said lot; that the deeds referred to may be set aside; that the said Stephens may be decreed to carry out the said agreement in writing, and to reconvey to complainants upon the terms therein stated.

The answers of the defendants admitted the allegations in the bill in reference to the various conveyances, but denied all combination and conspiracy to injure complainants, and all other material allegations. Austin Brighthaupt denied

all notice of the restriction contained in the deed of March 4th, 1872, or of the agreement entered into by Stephens to reconvey to complainants, at the time he purchased the said lot for his wife, Rose. He also stated that his house and other improvements were completed at the time he was served with a copy of said bill.

Several affidavits were read on the hearing of the application for injunction, unnecessary here to be set forth.

The injunction was refused, and complainants excepted and assign said ruling as error.

NISBETS & JACKSON, represented by THE REPORTER, for plaintiffs in error.

LANIER & ANDERSON, by brief, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants, praying for an injunction to restrain Austin Brighthaupt and his wife, Rose, persons of color, from exercising acts of ownership over a certain city lot in the city of Macon, or further building thereon, on the ground that there is a clause in the deed conveying the lot to Stephens by the complainants, dated 4th March, 1872, under whom it is alleged the defendants claim title, in the following words: " On the express understanding and agreement, on the part of the said Alexander H. Stephens, that the lot of land so conveyed is never to be sold to or occupied by negroes." We are inclined to the opinion that the first deed executed by Mrs. Anthony to Stephens, with the full knowledge and consent of her husband, would have estopped him from setting up a claim or title to the land, and that Stephens and those claiming under him acquired a good title to the lot, as against the complainants, under that deed, wholly independent of the subsequent deed, executed the 4th of March, 1872, containing the alleged restriction. The defendant, Austin Brighthaupt, denies all knowledge of the restriction con-

tained in the deed of 4th of March, 1872, when he pur-
chased and paid for the lot, and it appears that he went for-
ward and built a house on the lot before the complainants
took any steps to restrain him.   The words contained in the
deed of 4th March, 1872, are words of covenant, and not
words of condition, and the evidence of the insolvency of
the defendants is not at all satisfactory.

In view of the facts disclosed in the record of this case
we will not interfere with the exercise of the sound discre-
tion of the presiding Judge of the Court below in refusing
to grant the injunction prayed for.

Let the judgment of the Court below be affirmed.