MARY A. HOWELL *et al.*, plaintiffs in error, *vs.* SINGLETON G. HOWELL *et al.*, defendants in error.

[BLECKLEY, Judge, having been of counsel in this case, did not preside.]

1. A motion "that the panel of twenty-four jurors be put upon their *voir dire* and questioned as to their competency and impartiality as

jurors to try said cause, in accordance with the ruling of the supreme court, as contained in 15 *Georgia Reports*, page 41, said cause having before that time undergone two investigations in said court, both of the defendants being residents of said county, while all of the complainants were non-residents, and the principal defendant, Singleton G. Howell, belonging to said panel of jurors, and having been relieved by a substitute when said case was called for trial," is substantially a motion to challenge each and all of said jurors, and to prove their incompetency by themselves, and should have been granted by the presiding judge, under the unanimous ruling of this court in the case cited from 15*th Ga.*

2. On a question of undue influence in procuring a deed to be made, the character of the donor, in respect to his susceptibility to be influenced, may be ascertained by the opinion of a witness who knew him long and well, and who gives the facts and circumstances connected with their acquaintance on which the opinion is based.

3. The mere statement of a conclusion of a witness, which must have been founded upon facts, without giving those facts, is inadmissible, though the witness may state absolute knowledge of the conclusion.

4. So general statements of misrepresentations and exercise of influence, without stating what was said or done, were properly excluded.

5. The sayings of the donor after he had parted with the title, are inadmissible against the donee, unless made in explanation of sayings or admissions of the donor previously given in evidence by the donee, or unless they are sayings of the donor not in disparagement of the donee's title, but tending to show incapacity of mind in the donor, and spoken in a reasonably short time after the gift.

6. The case being sent back for a new hearing on the assignment of error in respect to the challenge of the jurors, it is not proper to express an opinion on the weight of the evidence.

7. This court will not decide on a bill of exceptions entered of record *pendente lite*, unless error be assigned thereon, and both parties have opportunity to be heard in respect to such error.

Practice in the Superior Court. Jurors. Evidence. Practice in the Supreme Court. Before Judge RICE. Gwinnett Superior Court. September Adjourned Term, 1876.

The following, taken in connection with the opinion, sufficiently reports this case:

The heirs at law of Evan Howell, deceased, filed their bill to set aside and cancel certain deeds of the deceased to Singleton G. Howell, one of his sons, on the ground that they were procured by undue and fraudulent influences brought

to bear upon deceased, who was in his dotage. The answer denied the use of any such influences, or that he was in his dotage. On the trial, the jury found for the defendants. Complainants moved for a new trial, on the following, among other grounds;

1. Because the court overruled the motion to put the panel of jurors on their *voir dire*, as stated in the first head-note.

(The judge adds the following: " Both parties having announced ready, complainants moved the court as therein recited, but no facts or special reasons therefor were stated, except that of the importance of the case—the general attention which the case has attracted in consequence of two investigations—that the defendants were residents and the complainants non-residents of the county. The motion was overruled, and thereupon defendants' counsel remarked, that they did not object to any particular juror or jurors being put upon their *voir dire*, if complainants' counsel would suggest any reason to question the competency of any particular one. Complainants counsel declined this proposition, saying they claimed it as a matter of right."

2. Because the court ruled out the following answers of witness Spence, in relation to deceased: " I think he might have been easily controlled by any one seeking to do so during the period above alluded to," and also: " As answered in the 4th interrogatory, his prejudices rendered him an easy prey to any designing person. In his best days, his prejudices went a long way with him."

3. Because the court ruled out the following answer of Mrs. Mary D. Howell: " I knew that defendant deceived his father in relation to the property his wife would get from her father's estate."

Also, in ruling out the following answer of witness, Mrs. Abbott: " Witness thinks that his state of mind, in respect to S. G.'s condition, was occasioned and brought about by the representations and the exercise of influence over deceased by the latter (S. G.); he being in the habit of humor-

ing his fancies and whims, could make him (deceased) believe anything."

Also, the following answer of Mrs. Abbott: "And it seemed to witness, that Singleton's and his wife's object was not to allow any opportunity for anything to be said to deceased, or by him to any one, without one or the other hearing what was said."

4. Because the court ruled out the question asked the witness, Mrs. J. A. Graham, after she had stated that "directly after Agnes (defendant's wife) came back from Illinois, she heard deceased say that Singleton would get nothing scarcely from his father-in-law's estate," viz: "Who did deceased say informed him of this?" expecting the answer, "Singleton informed me."

Also, because the court rejected the answer of witness, Graham, that "deceased said that Singleton had told him so."

5. Because the court ruled out the following answer of witness, Mrs. Brown, when offered as evidence, both in chief and in rebuttal: "That the old man told me, in 1867, that the day he went to Lawrenceville with Singleton to make the deeds of gift, that he (defendant) had a bottle of wine, and induced him to drink of it, and if he had had his wits about him at the time, he would not have made the deeds of gift to him. He also told me that he was not satisfied with the way he had given his property, and that he intended to have it back again."

6. Because the verdict is contrary to law and equity, to the charge of the court, and to the evidence.

The motion was overruled, and complainants excepted.

*Pendente lite,* counsel for defendants filed a bill of exceptions, reciting certain rulings of the court; but as no assignment of error was made thereon, the court refused to consider it, as stated in the seventh head-note.

A. T. AKERMAN; CLARK & PACE; W. A. HAWKINS; T. M. PEEPLES; J. N. GLENN; N. L. HUTCHINS, for plaintiffs in error.

· WINN & SIMMONS; McCAY & TRIPPE; HILLYER & BROTHER; J. J. FLOYD, for defendants.

JACKSON, Judge.

This case was here before, on an alleged error in the court below in granting the defendant a new trial, when the verdict was against him. Now the verdict is for him, the court below has refused the complainants a new trial, and they bring up the case on various grounds of error contained in their motion for a new trial.

1. The first ground is the refusal of the court to purge the panel of jurors from which a special jury of twelve men was to be stricken, on demand of the defendants, the plaintiffs in error here. That demand was couched in the following words: "That said jurors be put upon their *voir dire* and questioned as to their competency and impartiality as jurors, to try said cause, in accordance with the ruling of the supreme court, as contained in vol. 15 *Ga. Reports*, p. 41; said cause having, before that time, undergone two investigations in said court, both of defendants being residents of said county, while all of the complainants were non-residents, and the principal defendant, Singleton G. Howell, belonging to said panel of jurors, and having been relieved by a substitute when said case was called."

We think that these words amount, in substance, to a challenge of all the twenty-four jurors, and a demand that each juror be sworn, as a witness, to testify as to his impartiality, and that the question made here is controlled by the case cited from 15 *Ga.* Page 41 of the report of that case shows, it is true, only what was demanded by the party and granted by the presiding judge; but as that was objected to, in its totality, by the other side, and the judgment of the court below affirmed on writ of error here, the ruling of that court became the judgment of this court; and as it is a unanimous judgment, it binds us as firmly as an act of the general assembly could.

The course there pursued was to put each juror on his *voir dire*, and thus purge the list. That is the substance of what was asked here; it was refused; and if the decision in the 15th be law, of course the court erred in that refusal.

Nor do we think that the error was cured by the waiver of objection to the challenge of any jurors on the list pointed out by the other side. The complainants ought not to have been forced to incur the odium or prejudice of any particular jurors by thus singling them out. The same may be said in respect to the questions of relationship to either party, or as to whether any juror had set upon the case before, propounded by the judge. That did not cure the error. The error was the refusal to pursue the course followed in 15 *Ga.*, and approved by this court, so as to ascertain from each juror that his mind was free from all bias, and that he was perfectly impartial between the parties.

The cases in 7th *Ga.*, 139, and 15th *Ga.*, 39, construed together, decide that parties are entitled to an impartial jury, and to ascertain that impartiality from the jurors themselves, by putting the whole panel, man by man, on the *voir dire*.

2. We think that the testimony of Spence should have gone to the jury. It was his opinion of the character of the donor in regard to his pliability and prejudices, and the ease with which he could be influenced, drawn from long acquaintance with him, and circumstances arising from that acquaintance. In other words, it was his opinion of the sort of mind the donor had, when the stubborness or pliability of mind was an important point in the case, in respect to those qualities of mind; an opinion based upon long acquaintance with, and intimate knowledge of, the man. The Code, §3867, certainly covers such an opinion as this. The question being, was the donor unduly influenced, the character of his will, whether stubborn or yielding, seemed to enter into it materially, and the opinion should have gone to the jury with the reasons therefor. As the case is to be again tried, while we would not have

reversed the judge on this ground alone, we rule that this evidence be admitted on the next trial.

3, 4, 5. The other testimony, which was ruled out, we think should have been excluded, and we find no error in excluding it. It consists of general statements of conclusions of the witnesses without facts, of misrepresentations and exercise of influence without a hint of what was said or done, and of sayings of the donor after the title had passed out of him, not, so far as we can see, in rebuttal of any sayings introduced by the donee, nor illustrative of the condition of the donor's mind shortly after the date of the gift.

6. We give no opinion on the weight of evidence, as the case goes back to be tried over.

7. We also decline to pass upon the bill of exceptions, taken and recorded *pendonte lite*, inasmuch as error was not assigned thereon, and the point raised therein was not argued before us. If the plaintiff in error in that interlocutory bill of exceptions wished it decided, he should have given the other side an opportunity of being heard thereon, by assigning error and calling attention thereto in this court.

On the whole, we reverse the judgment, and grant the new trial, because the complainants were denied their legal right to ascertain that the jurors were impartial, as decided in 15 *Ga.*, 39 *et seq.*

Judgment reversed.