## MASSENGALE & COMPANY v. POUNDS.

1. In order to entitle a defendant to the opening and conclusion in an action on a contract, he must before the introduction of any evidence admit facts authorizing, without proof on the part of the plaintiff, the latter's right to recover. It is too late after the plaintiff has made out a prima facie case for the defendant to make any admission which will deprive the plaintiff of the right to open and conclude before the jury.

2. The right to open and conclude before the jury is an important legal right, and an improper denial thereof in a close case demands the grant of a new trial.

Argued April 13,—Decided May 5, 1897.

Complaint on note. Before Judge Reese. Warren superior court. October term, 1895.

*E. P. Davis,* for plaintiffs.

*James Whitehead,* for defendant.

SIMMONS, Chief Justice.

Massengale & Co. brought their action of complaint against Mrs. Pounds on a promissory note. She pleaded payment, and on the trial of the case plaintiffs introduced evidence making out a prima facie case, and closed. The defendant introduced evidence to sustain her plea, and the plaintiff introduced evidence in rebuttal. At the conclusion of the evidence, defendant's counsel moved the court to allow him to open and conclude the argument, admitting that the plaintiff had made out a prima facie case and that his client assumed the burden of proving that plaintiffs were not entitled to recover. The court granted the motion, and the plaintiffs excepted.

1. The burden of proof to establish his case generally rests upon the plaintiff who brings the action and the plaintiff is generally entitled to open and conclude the argument before the jury. In order for a defendant to deprive him of this right in an action upon a civil contract, the former must, at the beginning of the trial and before the

introduction of any evidence by the plaintiff, admit facts which would authorize the plaintiff to recover without the introduction of any proof and assume the burden of proof himself. It is too late, after a plaintiff has introduced his evidence and made out a prima facie case and the defendant has introduced his evidence, for the latter to assume the burden of proof and, by any admission, to deprive the plaintiff of the right to open and conclude. *Abel* v. *Jarratt & Co.*, ante, 732.

2. The evidence in this case is conflicting on the question of payment. It is a close case upon the facts. The right to open and conclude the argument before the jury in such a case is an important legal right, and an improper denial thereof is ground for the grant of a new trial.

*Judgment reversed. All the Justices concurring.*