REID *et al.*, executors, *v.* SEWELL *et al.*, executors.

LUMPKIN, P. J. 1. Though one may, as a party or otherwise, be pecuniarily interested in the result of a case brought by an executor, he is not incompetent to testify to admissions made in his presence by the testator to another, when it appears that the conversation in which such admissions were made was not addressèd to the witness. *Ray* v. *Camp*, 110 *Ga.* 818.

2. In order to entitle a defendant to the opening and conclusion of the argument, he must in his pleadings, and before the plaintiff begins to introduce testimony, admit enough to make out a prima facie case for the latter. *Massengale* v. *Pounds*, 100 *Ga.* 770; *Dorough* v. *Johnson*, 108 *Ga.* 812; *Central Ry. Co.* v. *Morgan*, 110 *Ga.* 168; *Whitaker* v. *Arnold*, 110 *Ga.* 857.

(*a*) This is not done when the action is one by an executor upon a promissory note, and the defendant merely admits the execution of the paper and its delivery to the plaintiff's testator. The answer should go further and embrace an admission that the plaintiff, in his representative capacity, was at the time of bringing of the action the holder of the note in question.

(*b*) As the plaintiffs in the present case were, by reason of the court's refusal to allow them to open and conclude, deprived of a substantial right, and as the evidence by no means demanded the verdict, a new trial should be had. *Massengale* v. *Pounds*, supra.

*Judgment reversed. All the Justices concurring.*

Submitted July 27, — Decided August 9, 1900.

Complaint. Before Judge Candler. Campbell superior court. December 29, 1899.

*L. S. Roan*, for plaintiffs. *J. F. Golightly*, for defendants.