## NORTHINGTON v. GRANADE.

1. The plea of the defendant, relating to an account for merchandise which the plaintiff had contracted, was, properly construed, a plea of set-off and not of payment, and did not show such a course of mutual dealings between the parties as to prevent the statute of limitations for applying to those items of the account which were made more than four years prior to the filing of the plea.
2. Although a defendant may in his plea have admitted a prima facie case for the plaintiff, yet where he allows the plaintiff to introduce evidence to make out his case, without calling attention to the admission and claiming the right accruing therefrom, he will be held to have waived his right to open and conclude the argument.
3. An admission by the holder of the legal title to land, that he had verbally authorized another to sell the land, will operate as an estoppel in favor of one claiming under the person to whom the authority was given.    In the trial of an action on a promissory note the consideration of which was a promise to convey the land which the maker had been authorized to sell, evidence of such an admission is competent, whether contained in the testimony of the party making the admission or in that of the maker of the note.
4. The evidence warranted the verdict.

Argued July 15, — Decided August 14, 1903.

Complaint.    Before Judge Taliaferro.    City court of Sandersville.    January 17, 1903.

*Rawlings & Howard* and *W. E. Armistead,* for plaintiff in error.
*Evans & Evans,* contra.

COBB, J.    Mrs. Granade sued Northington on a promissory note for $85, the consideration of which was the interest of plaintiff and her sister, Mrs. Dorsey, in certain land conveyed to their mother, as well as their interest in their grandfather's estate.    The

suit was filed April 8, 1902.   The defendant in his plea admitted the execution of the note, but pleaded that the consideration of the note had partially failed, by reason of the fact that the plaintiff did not own the interest of her sister in the land referred to in the note, and hence had no right to convey the same.   It was further pleaded that the note had been fully paid off and discharged by the sale of merchandise to plaintiff, for which she was due defendant at the date of the filing of the suit the sum of $88.72, besides interest.   Attached to the plea was an account showing items of merchandise claimed to have been bought from defendant by plaintiff, beginning in the summer of 1889 and extending over a period of several years, there being only two items which were alleged to have been bought within a period of less than four years prior to the filing of the plea.   The court struck all of the portion of the plea last above referred to, except the items just mentioned, on the ground that the items of indebtedness appeared on the face of the plea to be barred by the statute of limitations; and exceptions pendente lite were filed.   A verdict for $85 principal, besides interest, having been returned in favor of the plaintiff, the defendant filed a motion for a new trial.   This motion was overruled, and the defendant excepted.

1.   It is contended that the court improperly struck the plea relating to the account, because this plea was really one of payment, and not of set-off as the court construed it, and because it showed mutual accounts between the parties, and the statute of limitations would not begin to run until the date of the last item. While it is alleged that the note had been paid off and discharged by the sale of merchandise, it is also distinctly alleged in the plea that the items of account set out were, "at the date of the filing of this suit by the plaintiff against the defendant, due to him."   In view of this allegation, the plea was manifestly one of set-off, and not of payment.   Nor is the plea sustainable under the doctrine of mutual indebtedness.   There is no allegation of a mutual course of dealings between the parties, or that credit was extended by either party on the faith of the indebtedness of the other.   The mere fact that indebtedness existed on both sides would not make the indebtedness mutual; and it is essential that credit should have been extended by one of the parties on the faith of the other's obligation to him.   See Wagener v. Steele, 117 Ga. 145.   There is

nothing in the present case to bring it within the doctrine of mutual dealings.

2. It is also contended that as the defendant admitted the execution of the note, he had the right to open and conclude the argument. In the ground of the motion for a new trial in which this assignment of error is contained it appears that the plaintiff had introduced the note sued on and closed before the defendant called the attention of the court to the admission in his plea which gave him the right to open and conclude. It has been often held, in cases where no admission was made in the pleading, that after the plaintiff has introduced evidence in support of his petition it is too late for the defendant to admit a prima facie case for the plaintiff and thereby obtain the right to open and conclude. See *Reid* v. *Sewell*, 111 *Ga.* 880, and cases cited. We think the principle of those decisions ought to be extended to a case where, although the necessary admission is contained in the defendant's plea, he allows the plaintiff to introduce evidence and make out his case before calling the court's attention to the admission and claiming the right secured to him by virtue thereof. A defendant may, if he sees proper, waive the benefit secured to him by such an admission, and his silence when the plaintiff begins to introduce evidence to make out his case amounts to a waiver. A defendant can not sit by and take the risk of the plaintiff being able to make out his case, and then, when he does, claim that it was unnecessary because of the admission, and insist upon his right to open and conclude the argument. The defendant may think that the plaintiff will be unable to make out the case; and if he takes this risk, he is bound by it, so far as the right to assume the burden of proof is concerned.

3. It was admitted by the plaintiff in her testimony that she did not have the legal title to her sister's interest in the land referred to in the note, but that the title was in plaintiff's husband. She testified, however, that her husband had given her authority to sell the land; that defendant knew, when the note was executed, that she did not have title; that she informed him at that time what the status of the title was, and showed him all the papers; and that, with a full knowledge of all the facts and of her husband's agreement to allow her to sell the land, the defendant executed the note. The defendant objected to the testimony of the plaintiff, that her husband had given her authority to sell the land, on the ground

that it was hearsay, and that the husband was not bound by a mere verbal agreement to this effect.    Objection was also taken to testimony of the husband, to the effect that he gave his wife authority to sell his interest in the land, that he did not make a deed to it, but authorized her to make a deed to whomsoever she chose.   We do not think these objections were well taken.   The testimony of the husband amounted to a solemn admission which would bind him and protect the defendant, and the testimony of the wife was not hearsay, but evidence of this admission which had previously been made by the party holding the legal title.   The husband was the holder of the legal title, and evidence of an admission made by him which would operate as an estoppel upon him was competent, whether testified to by him or by a third person.

4. The evidence was sufficient to authorize the verdict.    See *Anthony* v. *Stephens*, 46 *Ga.* 241.    There was no attempt to prove the items of indebtedness set up in the plea which were not barred ; and consequently a verdict for the full amount sued for was warranted.                       *Judgment affirmed.    By five Justices.*