## 11747.  NALLEY *et al.* v. TAYLOR.

BLOODWORTH, J.  1. "In order to entitle a defendant to the opening and conclusion of the argument, he must in his pleadings, and before the plaintiff begins to introduce testimony, admit enough to make out a prima facie case for the latter. *Massengale* v. *Pounds*, 100 *Ga.* 770; *Dorough* v. *Johnson*, 108 *Ga.* 812; *Central Ry. Co.* v. *Morgan*, 110 *Ga.* 168; *Whitaker* v. *Arnold*, 110 *Ga.* 857." *Reid* v. *Sewell*, 111 *Ga.* 880 (2) (36 S. E. 937). See also *Morris* v. *Reed*, 14 *Ga. App.* 729 (4) (82 S. E. 314); *Wall* v. *Wall*, 15 *Ga. App.* 156 (1) (82 S. E. 791).

(*a*) "It is too late, after the plaintiff has made out a prima facie case, for the defendant to make any admission which will deprive the plaintiff of the right to open and conclude before the jury." *Massengale* v. *Pounds*, supra.

2. "The right to open and conclude before the jury is an important legal right, and an improper denial thereof in a close case demands the grant of a new trial." *Massengale* v. *Pounds*, supra.

3. As a new trial must be granted because of the foregoing ruling, and as the other alleged errors are such as are not likely to recur upon another trial, it is unnecessary to pass upon them.

.   *Judgment reversed.  Broyles, C. J., and Luke, J., concur.*
DECIDED JUNE 14, 1921.

Complaint; from Douglas superior court — Judge Irwin.   July 1, 1920.

*James & Bedgood,* for plaintiffs.