26262. AUTO MUTUAL INDEMNITY COMPANY *v.* CAMPBELL.

FELTON, J. 1. The defendant in a civil case is entitled to the opening and concluding argument when he introduces no evidence, and a denial of this right is error requiring the grant of a new trial. *Moore* v. *Carey,* 116 *Ga.* 28 (5) (42 S. E. 258); *Newsome* v. *Harrell,* 146 *Ga.* 139 (2) (90 S. E. 885); *Williamson* v. *Williamson,* 176 *Ga.* 510 (168 S. E. 256); *Widincamp* v. *Widincamp,* 135 *Ga.* 644-6 (70 S. E. 566); *Phelps* v. *Thurman,* 74 *Ga.* 837 (a); *Chapman* v. *Atlanta & West Point R.,* 74 *Ga.* 547 (a); *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.,* 145 *Ga.* 559 (89 S. E. 486). This is true even though plaintiff calls the defendant to the stand for the purpose of examination, and the defendant, while on the stand, is interrogated by defendant's attorney. *Martin* v. *Martin,* 180 *Ga.* 782 (180 S. E. 851); *Cable Piano Co.* v. *Parantha,* 118 *Ga.* 913 (45 S. E. 787) distinguishable. There is no obligation on the defendant, nor reason for one, to announce his intention not to introduce evidence before the plaintiff closes his evidence.

2. Where an insurance policy is issued to a motor · carrier under the motor-carrier act of 1931 or the motor common-carrier act of 1931, and the rules of the Public-Service Commission, providing for insurance on a motor vehicle described in the policy *and any motor vehicle substituted therefor,* an endorsement on the policy substituting another vehicle, to take effect at a date in the future, subsequently to the injury sued for, was irrelevant and immaterial to the issues in this case and should not have been admitted in evidence. Whether the vehicle which it is alleged caused the damage was being used in the business of the carrier in the place of the one named in the policy was a question to be decided by the facts in the case, without reference to the endorsement.

3. The court did not commit error in referring to the person alleged to have been driving the truck which it was alleged caused the damages sued for as "the defendant" (neither the driver nor the partnership for which he worked being parties defendant to the case), when it was explained to the jury that the judge meant the driver when he said the defendant. However, it would have been more accurate, and preferable, to have referred to the various parties in such a way as to avoid all reasonable possibility of misunderstanding or confusion. The

court erred in overruling the motion for new trial, for the reason stated in the first headnote.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*
Decided September 10, 1937.

Hester & Clark, for plaintiff in error.
O. E. Bright, Perry Brannen, contra.