40126. AMERICAN CASUALTY COMPANY
v. SECKINGER.

FRANKUM, Judge. 1. Parties to civil cases are entitled to a panel of 24 competent and impartial jurors from which to strike a jury, *Code* § 59-704, and a juror who is not impartial should not be placed upon the panel. *Mayor &c. of Columbus v. Goetchius*, 7 Ga. 139; *Justices &c. v. Griffin &c. Plank Rd. Co.*, 15 Ga. 39, 54 (1) ; *Howell v. Howell*, 59 Ga. 145, 150; *Atlantic C. L. R. Co. v. Bunn*, 2 Ga. App. 305 (1) (58 SE 538). Accordingly, where a prospective juror in answer to a question propounded by counsel for the plaintiff stated that he did not know whether he could be impartial or not, it was not error for the court to excuse him.

(a) Special ground 1 of the motion assigning error on the action of the court excluding this juror does not show that this action was harmful or prejudicial to the defendant since it does not

appear therefrom that the defendant was deprived of a qualified panel of 24 jurors from which to strike a jury. See *Cochran v. State,* 113 Ga. 736, 739 (3) (39 SE 337).

2. Where the defendant introduces no evidence and claims the right to open and conclude, it is reversible error to deny it this right. It is not a requirement that the defendant announce prior to the trial that it admits a prima facie case and assumes the burden of proof in order that it exercise this right. *Auto Mutual Indem. Co. v. Campbell,* 56 Ga. App. 400 (192 SE 640); *Jones v. Chambers,* 94 Ga. App. 433 (2) (95 SE2d 335); *Sutherland v. Woodring,* 216 Ga. 621 (118 SE2d 482). The trial court erred in denying to the defendant the right to open and close and in thereafter overruling ground 2 of the motion for new trial complaining of this action.

3. Special grounds 3 and 4 complain because the court overruled motions for a mistrial made by the defendant on account of alleged improper argument of counsel for plaintiff. The alleged improper argument was as follows: "It is not the policy of the law to force a policyholder of limited means into litigation with an insurance company of large means where there is a refusal in bad faith to pay and allow the insurance company to escape with impunity," and that the defendant "merely sat on its bank roll and refused to pay the claim." In their ground for a mistrial counsel for the defendant contended that these remarks were not referable to or authorized by any evidence introduced on the trial of the case and were not based on any issue in the case. The fact that there may be differences between the parties respecting their financial ability and that one party is better able to respond in damages or to pay the expenses of litigation than the other are not proper matters to be argued to the jury. Such argument presents no issue for the jury's consideration and is calculated to inject irrelevant and prejudicial matters into the case and to influence the jury to base its verdict on them. *John J. Woodside Storage Co. v. Reese,* 105 Ga. App. 602, 604 (6) (125 SE2d 556). The trial court erred in overruling special grounds 3 and 4 which assigned error on the denial of defendant's motion for a mistrial on account of this improper argument.

4. Special grounds 5 and 6 assign error on lengthy extracts from the charge. The assignment of error is, in substance, that these extracts were not authorized by the evidence and were unsound as abstract principles of law. At least some portions

of the charge excepted to in these grounds were authorized by the evidence and stated abstractly correct propositions of law. Both grounds fail to point out the particular portions not authorized or what portions were abstractly incorrect, and the grounds are therefore insufficient to require consideration by the court. The trial court did not err in overruling these grounds of the motion. *Louisville &c. R. Co. v. Bean,* 49 Ga. App. 4, 6 (4) (174 SE 209).

5. The remaining special grounds of the motion assign error on the verdict finding damages and attorneys' fees on the ground that the evidence did not authorize a finding of bad faith and on a portion of the charge on bad faith because it was not authorized by the evidence. With respect to these grounds and the general grounds of the motion for new trial, and the assignment of error on the overruling of the motion for a judgment notwithstanding the verdict, it is sufficient to say that the evidence did not demand a finding for either party, but, in fact, would have authorized the jury to find either for the plaintiff or the defendant. In these circumstances the court properly refused to enter a judgment notwithstanding the verdict and properly denied a new trial. However, since the evidence would have authorized a verdict and judgment for the defendant, it was not sufficient to authorize a finding of bad faith and the award of damages and attorneys' fees. *Georgia Life Ins. Co. v. McCranie,* 12 Ga. App. 855, 861 (3) (78 SE 1115); *Southern Ins. Co. v. Ray,* 40 Ga. App. 262 (149 SE 304); *Guaranty Life Ins. Co. v. Martin,* 44 Ga. App. 545 (2) (162 SE 288); *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709). If, upon another trial of the case, the evidence is no different, a verdict finding damages and attorneys' fees would not be authorized.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*Brannen, Clark & Hester, Fred S. Clark,* for plaintiff in error. *Charlton E. Clark, James B. Blackburn,* contra.