### 41016. SECKINGER v. AMERICAN CASUALTY COMPANY.

FRANKUM, Judge. On a previous appeal of this case this court ruled that, "if, upon another trial of the case, the evidence is no different, a verdict finding damages and attorney's fees would not be authorized." *American Cas. Co. v. Seckinger*, 108 Ga. App. 262, 264 (5) (132 SE2d 794). While the opinion, as published on the former appearance of this case in this court, does not show the basis for the ruling made, an examination of the evidence shows that the defendant on the first trial, as on the second trial, based its defense on the proposition that the policy of insurance sued on afforded coverage on account of sickness contracted and commenced only after the policy had been in force for 30 days, and that the plaintiff had had symptoms of his illness after the policy was issued but prior to the expiration of 30 days from the date of the policy. The evidence on the first trial which was relied on by the defendant to show this ultimate fact and which formed the basis of the ruling in Division 5 of the former opinion was that the policy was issued on April 25, 1960, and that while the plaintiff contended that his sickness, which was caused by a duodenal ulcer, did not commence until June 2, 1960, he had stated in a notice of claim filed with another insurance company that his sickness commenced on May 7, 1960. On the second trial the evidence relied upon to establish the defense was a copy of the history of the plaintiff's illness entered on the hospital records by the plaintiff's doctor to the effect that the plaintiff had a history of having "gnawing hepagastric pain about two weeks" prior to June 2, 1960, which would have been prior to the effective date of the policy with respect to sickness. Under this evidence, as well as under that introduced on the first trial, the defendant insurance company was justified in contending that the plaintiff's sickness had commenced prior to the time the policy became effective to provide coverage for sickness. The evidence adduced on the second trial, therefore, showed a reasonable and probable cause for refusing to pay the claim, and authorized the trial court to make the rulings complained of in the special grounds of the motion for a new trial, which rulings eliminated from the case any question as to the right of the plaintiff to recover damages and attorney's fees on

account of the defendant's bad faith. *Interstate Life &c. Co. v. Williamson*, 220 Ga. 323, 326 (138 SE2d 668).

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED JANUARY 12, 1965.

*J. B. Blackburn, C. E. Clark*, for plaintiff in error.
*Brannen, Clark & Hester, H. Sol Clark*, contra.