## S01A0123. HUSSEY v. HUSSEY.
(545 SE2d 880)

SEARS, Justice.

An application to appeal was granted in this matter to consider whether the trial court erred by permitting the appellee to open and conclude the closing arguments made to the jury on the question of whether appellant was entitled to receive alimony and damages. Because appellant bore the burden of proof on all issues submitted to the jury, appellant was entitled to open and conclude the closing arguments. Therefore, we reverse.

Appellee Edward Hussey ("Mr. Hussey") filed for divorce from appellant Vanessa Hussey ("Ms. Hussey"). In his petition, Mr. Hussey sought divorce and a division of the marital property. Ms. Hussey counterclaimed for divorce and also sought alimony and damages for battery, as well as punitive damages. The matter was tried before a jury, and after the submission of all the evidence, but before closing arguments, Ms. Hussy moved for a directed verdict as to the granting of a divorce. Mr. Hussey did not oppose the motion, and a divorce was granted. At roughly this same time, the parties agreed to a division of marital property.

Ms. Hussey's request for alimony and her claims for damages

were submitted to the jury. At this stage of the proceeding, Mr. Hussey did not seek any relief from Ms. Hussey. Over Ms. Hussey's objection, the trial court allowed Mr. Hussey to open and conclude the closing argument.

The jury awarded Ms. Hussey damages, as she requested, but denied her request for alimony. Ms. Hussey sought a discretionary appeal to this Court, which was granted in order that we might consider (1) whether Ms. Hussey should have been allowed to open and conclude closing arguments, and (2) whether a party that is otherwise entitled to open and conclude closing argument waives that right by failing to assert it before the opposing party testifies in opposition to the claim asserted.

1. " 'The party on whom the burden of proof rests has the right to open and conclude the cause before the jury.' "[1] Because Ms. Hussey bore the burden of proof on all of the issues that were submitted to the jury, she was entitled to open and conclude the closing arguments. After a directed verdict was entered on Ms. Hussey's motion and a divorce was granted, the only issues remaining in this matter concerned Ms. Hussey's claims for alimony and damages. Those issues were asserted in Ms. Hussey's counterclaim, and the burden of proof as to those issues was entirely upon Ms. Hussey, and not upon Mr. Hussey.

The only issues submitted to the jury were Ms. Hussey's claim for alimony and her claims for damages. On each of those issues, she bore the burden of proof. The trial court, in explaining its decision to allow Mr. Hussey to open and conclude closing arguments, incorrectly reasoned that Mr. Hussey bore the burden of proving that Ms. Hussey was **not** entitled to receive alimony. Mr. Hussey's position that his ex-wife was not entitled to alimony did not, as the trial court thought, remove her burden of proof to establish her entitlement to alimony. An attempt to negate a claim for alimony does not shift the burden of proof to the party contesting alimony. Accordingly, the general rule recounted above — that the party with the burden of proof has the right to open and conclude closing arguments — applied in this matter. Ms. Hussey was entitled to open and conclude closing arguments, and the trial court erred in ruling otherwise.

2. Ms. Hussey did not waive her right to open and conclude closing arguments by waiting to assert the right until after Mr. Hussey testified in opposition to her counterclaims for alimony and damages.

---

[1] *Standridge v. Standridge*, 224 Ga. 102, 103 (160 SE2d 377) (1968) (citations omitted) (only issue remaining after directed verdict granted in favor of defendant on plaintiff's claim for divorce were the issues raised in defendant's cross action, and burden of proof on those issues rested entirely with defendant; therefore, defendant was entitled to open and conclude arguments to the jury).

At the time Mr. Hussey testified, he bore the burden of proof on the issues raised in his complaint.[2] He was the plaintiff in the trial court, and when he testified, his claim for a divorce was still pending and viable, because Ms. Hussey had not yet raised her motion for a directed verdict on that claim. It was only after the submission of all evidence that the trial court granted a directed verdict as to the issue of a divorce. Until that point, Mr. Hussey bore the burden of proof as to the matters raised in his complaint, and Ms. Hussey did not have a right to open and conclude closing arguments. Hence, Ms. Hussey was not required to state prior to Mr. Hussey's testimony that she intended to seek permission to open and conclude closing arguments. Such notice is required only where the party has the right to open and conclude closing arguments at the time that the other party testifies.[3]

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Gary P. Bunch*, for appellant.
Edward G. Hussey, *pro se.*

---

[2] See OCGA § 9-10-186 (where the burden of proof rests on a civil plaintiff, the plaintiff generally is entitled to the opening and concluding arguments).

[3] See, e.g., id. As recognized in venerable case law, the Code indicates that where a defendant has the right to make opening and closing arguments by admitting the plaintiff's prima facie case, she must make a timely assertion of that right before putting the plaintiff to the trouble of establishing his case, or else the right is deemed waived. OCGA § 9-10-186. See *Baird v. Hill*, 141 Ga. 15 (80 SE 281) (1913) (although defendant admitted plaintiff's prima facie case, he failed to assert his right to make opening and closing arguments until after both parties had testified and the right was deemed waived); *Northington v. Granade*, 118 Ga. 584 (45 SE 447) (1903) (defendant admitted prima facie case for plaintiff, yet did not request opening and closing until after plaintiff introduced evidence; right to open and close deemed waived). However, as explained above, the situation here is distinguishable, as the record does not indicate that Ms. Hussey ever admitted that Mr. Hussey had laid out a prima facie case for divorce.