A05A1399. KIA MOTORS AMERICA, INC. v. RANGE.
(623 SE2d 514)

BARNES, Judge.

Lorenzo Range sued Kia Motors America, Inc. for warranty violations, and the case was tried before a jury, which returned a

---

plaintiff's verdict of $16,637.46. Kia appeals, contending that, because it did not present any evidence, the trial court should have allowed it to open and close the final argument. Because it did not admit Range's prima facie case, Kia was not required to give notice of its intent to open and close before Range submitted testimony. Further, a review of the trial transcript reveals that the verdict was not demanded by the evidence, and thus we reverse the judgment for Range.

1. The trial court held that Kia waived its right to open and close the final argument because it failed to give Range notice of its intention to do so before Range testified, based on the authority of *Ga. Pipe Co. v. Lawler*, 262 Ga. App. 22, 27 (3) (584 SE2d 634) (2003). That case holds that a defendant seeking to open and close final argument because he introduced no evidence was "required to make this request before testimony by the other parties was submitted." (Footnote omitted.) Id. A review of the case law regarding a defendant's right to open and close reveals that this holding is in error.

A defendant in a civil case may obtain the right to open and close the final argument in two ways: by admitting the plaintiff's prima facie case before putting the plaintiff to the trouble of proving that case, or by submitting no evidence. Uniform Superior Court Rule 13.4; OCGA § 9-10-186. These two rules initially developed separately, but have, with the passage of time, become somewhat confused in our case law.

A defendant's right to open and close if he introduces no evidence is an old rule in this state. As early as 1884, our Supreme Court held that "[w]here the defendant to the bill introduces no testimony, it is his right, under the law, to open and conclude the argument to the jury." *Cade v. Hatcher*, 72 Ga. 359, 365 (1884). In 1902, the Court discussed the history of the rule, noting that, while nothing in the code allowed for it, it had become a common practice. *Moore v. Carey*, 116 Ga. 28, 34 (42 SE 258) (1902).

> The statement of counsel that there is nothing in the code in relation to the subject except the provisions above referred to [involving criminal defendants] seems to us to be correct; for in our investigations we have been unable to find any provision in the code which in express terms declares that the failure to introduce evidence on the part of the defendant in a civil case gives him the right to open and conclude the argument. It has been, within the knowledge of some of the present members of this bench, the practice for more than forty years for the defendant to take the opening and conclusion of the argument when he introduced no evidence,

and not within the knowledge of any of us has the legality of this practice heretofore been brought in question.

Id. The Court then notes that the 1852 General Assembly provided that "[t]he order of argument of counsel in criminal cases shall be the same as it now is in civil cases," and the defendant had the right to open and close final argument if he produces no evidence. (Citation and punctuation omitted.) Id. at 35. The Court concluded:

We have been unable to trace to its origin this practice. The right of the defendant to open and conclude the argument to the jury in cases where he introduces no testimony has been claimed in other jurisdictions, but the general rule seems to be that the defendant can secure the right to open and conclude the argument to the jury only in those cases where he pleads an affirmative plea, and thus relieves the plaintiff of the onus which rests upon him in all cases. See, in this connection, 17 Am. & Eng. Enc. L. (1st ed.) 209; 15 Enc. P. & P. 186-7; 1 Thomp. Tr. § 254; 2 Ell. Gen. Pr. § 543; Bailey's Onus Prob. 624; *Worsham v. Goar*, 4 Port. (Ala.) 441 (6) [(1837)]. Without reference to what was the origin of this practice in this State, or whether the practice is founded upon sound reasons or not, we will not now disturb that which has been the uniform practice for more than half a century, which was expressly recognized by the General Assembly more than fifty years ago, and which has been allowed to prevail both by the bench and bar during that period of time.

Id. This rule thus became formalized in our case law, and subsequently in our statutes.

Meanwhile, the other rule developed, allowing a defendant the right to open and close final argument if he admits a prima facie case before the plaintiff puts on his proof. Determining which party has the burden of proof affects the application of this rule. In 1868, our Supreme Court acknowledged that

[t]here is some confusion in the cases, on who has the right to open and conclude, in questions of this character [involving a mortgagee who was made a party to a widow's action for dower]. The current of our decisions is, that it belongs to the party moving; instituting the proceedings, and having power to control them. *Weeks and wife v. Sego*, 9 Ga. 199 [(1850)]; *Harrison v. Young*, 9 Ga. 359 [(1851)]; [*Mason & Dickinson*] *v. Croom*, 24 Ga. 211 [(1858)]. . . . In the case

before us, . . . [i]t was too late, at any rate, after the plaintiff had gone on, and a reply had taken place, to make the question. Whoever opens the case, with the evidence, if he has a right so to open, has the same right in the argument.

*McKibbon v. Folds*, 38 Ga. 235, 238-239 (1868). The rule was codified in 1888, and the statute provided that a defendant's plea of justification admitting the act of which the plaintiff complains "shall not give to the defendant the right to open and conclude the argument before the jury, unless it is filed and insisted upon before the plaintiff submits any evidence to the jury trying the case." (Citation and punctuation omitted.) *Central of Ga. R. Co. v. Morgan*, 110 Ga. 168, 170 (35 SE 345) (1900).

The Court later explained the reasoning behind the notice requirement.

A defendant can not sit by and take the risk of the plaintiff being able to make out his case, and then, when he does, claim that it was unnecessary because of the admission, and insist upon his right to open and conclude the argument. The defendant may think that the plaintiff will be unable to make out the case; and if he takes this risk, he is bound by it, so far as the right to assume the burden of proof is concerned.

*Northington v. Granade*, 118 Ga. 584, 586 (45 SE 447) (1903). A defendant's timing in admitting a prima facie case is crucial to his obtaining the right to open and close final argument. *Nalley v. Taylor*, 27 Ga. App. 147 (107 SE 611) (1921); *Massengale & Co. v. Pounds*, 100 Ga. 770, 771 (28 SE 510) (1897); *Abel v. Jarratt & Co.*, 100 Ga. 732, 737 (28 SE 453) (1897).

The timing issue is not critical, however, for a defendant asserting his right to open and close final argument because he submitted no evidence.

The defendant in a civil case is entitled to the opening and concluding argument when he introduces no evidence, and a denial of this right is error requiring the grant of a new trial. [Cits.] This is true even though plaintiff calls the defendant to the stand for the purpose of examination, and the defendant, while on the stand, is interrogated by defendant's attorney. *There is no obligation on the defendant, nor reason for one, to announce his intention not to introduce evidence before the plaintiff closes his evidence.*

(Citations omitted; emphasis supplied.) *Auto Mut. Indem. Co. v. Campbell*, 56 Ga. App. 400 (1) (192 SE 640) (1937). Twenty-five years later, we repeated that the defendant's timing is unimportant under these circumstances.

> Where the defendant introduces no evidence and claims the right to open and conclude, it is reversible error to deny it this right. It is not a requirement that the defendant announce prior to the trial that it admits a prima facie case and assumes the burden of proof in order that it exercise this right. *Auto Mutual Indem. Co. v. Campbell*, [supra,] 56 Ga. App. 400; *Jones v. Chambers*, 94 Ga. App. 433 (2) (95 SE2d 335) [(1956)]; *Sutherland v. Woodring*, 216 Ga. 621 (118 SE2d 482) [(1961)].

*American Cas. Co. v. Seckinger*, 108 Ga. App. 262, 263 (2) (132 SE2d 794) (1963). "[T]he rule that the defendant in a civil case is entitled to the opening and concluding argument only when he has admitted a prima facie case in behalf of the plaintiff applies only where both parties have introduced evidence." (Citations omitted.) *Canada Dry Bottling Co. v. Campbell*, 112 Ga. App. 56, 57-58 (1) (143 SE2d 785) (1965).

In 2001, our Supreme Court addressed which party bore the burden of proof and thus obtained the right to open and close in a case in which a husband sued for divorce and his wife counterclaimed for divorce and alimony. *Hussey v. Hussey*, 273 Ga. 735, 736 (1) (545 SE2d 880) (2001). At the close of evidence, the trial court granted the wife's motion for a directed verdict on the divorce, leaving only the alimony issue for the jury to consider. Over the wife's objection, the trial court allowed the husband to open and conclude the closing argument. But after the trial court granted the wife's motion for a directed verdict as to the divorce, the husband no longer had the burden of proof; it shifted to the wife. On appeal, the Supreme Court held that the trial court erred, because the wife bore the burden of proving her entitlement to alimony. Id. She did not waive that right by failing to give notice before the husband testified, because when he testified, he still had the burden of proof as to the matters raised in his complaint. "Such notice is required only where the party has the right to open and conclude closing arguments at the time that the other party testifies." (Footnote omitted.) Id. at 737 (2). The *Hussey* case involves neither the right to open and close gained by introducing no evidence nor the right to open and close gained by admitting a prima facie case, but instead addresses which party had the burden of proof in light of the peculiar facts of that case and whether the wife waived her right to open and close by not claiming it earlier.

Our citation of *Hussey* in *TGM Ashley Lakes v. Jennings*, 264 Ga. App. 456, 466 (5) (a) (590 SE2d 807) (2003), for the proposition that a defendant need not give notice that he would not introduce evidence before the plaintiff testifies because "at the time that the plaintiffs were putting on evidence the defendants had not admitted a prima facie case, and therefore the plaintiffs had the burden of proof and the corresponding right to open and conclude closing argument" confuses the issue. The Supreme Court's holding in *Hussey* had nothing to do with the rule involved when a defendant presents no testimony, but rather addressed which party bore the burden of proof.

In *Ga. Pipe Co. v. Lawler*, supra, 262 Ga. App. at 27 (3), we held that the defendant who submitted no evidence waived his right to open and close because he did not assert the right before the plaintiff submitted evidence. The cases cited to support that holding, however (*Irwin County v. Owens*, 256 Ga. App. 359 (568 SE2d 578) (2002); *Magnan v. Miami Aircraft Support*, 217 Ga. App. 855, 859 (6) (459 SE2d 592) (1995)), do not explicitly set forth the conditions under which those defendants sought to exercise the right, but only state that the defendant must claim the right before the other party testifies. Based on the facts recited in the cases, however, it appears in both that the defendants testified, and thus could not have claimed the right because they introduced no evidence. The cases, therefore, do not support the holding in *Ga. Pipe Co.* Accordingly, based on our review of the law, *Ga. Pipe Co.* must be overruled to the extent it holds that a defendant who presents no evidence loses his right to open and close the final argument unless he asserts the right before the plaintiff submits evidence.

In this case, the trial court erred in denying Kia its right to open and close the final argument because Kia was not obliged "to announce [its] intention not to introduce evidence before the plaintiff closes his evidence." *Auto Mut. Indem. Co. v. Campbell*, supra, 56 Ga. App. at 400. Such error is understandable, as the trial court's ruling was based on a case which we must now overrule.

2. We next consider whether this error was harmful. "Improper denial of the right to open or conclude, where injury results, will work a reversal unless the verdict was demanded by the evidence." (Citation and punctuation omitted.) *Lissmore v. Kincade*, 188 Ga. App. 548, 550 (2) (a) (373 SE2d 819) (1988). "[I]f the evidence did not demand a verdict in favor of the plaintiff, the failure to accord counsel for the defendants, who introduced no evidence, the right to open and conclude the argument to the jury, is error requiring the grant of a new trial." (Citation omitted.) *Milligan v. Milligan*, 209 Ga. 14, 16 (3) (70 SE2d 459) (1952).

Range sued Kia for breach of warranty, for which damages are limited to the difference between the value of the car as accepted and

the value of the car as it would have had if it had been as warranted. OCGA § 11-2-714 (2); *Dixon Dairy Farms v. Conagra Feed Co.*, 245 Ga. App. 836, 837 (538 SE2d 897) (2000). Range paid $16,637.46 for the 2002 Kia Spectra in June 2002. The car had 44 miles on it. Range's expert witness, who never examined the car but only the dealership service tickets, testified that in his opinion, the car was worth only $10,000 when Range bought it. Range testified he thought the car was worth only $5,000 when he bought it. He testified that he called Kia in November 2002 and told them he "had enough with [the car], to come get it." Range also stopped paying the finance company for his loan in November, and the finance company repossessed the car in February 2003, seven months after he bought it. The car had 24,000 miles on it at the time. The evidence clearly did not demand a plaintiff's verdict for $16,637.46, the entire cost of the car. Therefore we must reverse the judgment because Kia was denied the closing argument, and remand the case for a new trial. *Gilson v. Mitchell*, 131 Ga. App. 321 (205 SE2d 421) (1974).

*Judgment reversed and case remanded. Ruffin, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Miller, Ellington, Phipps, Mikell, Adams and Bernes, JJ., concur.*

DECIDED OCTOBER 3, 2005 —
RECONSIDERATION DENIED NOVEMBER 15, 2005.

*King & Spalding, Chilton D. Varner, Franklin P. Brannen, Jr., Jacob E. Daly, Cesar D. Rodriguez*, for appellant.
*Krohn & Moss, Eric S. Fortas, Amy M. Budow*, for appellee.