24533. ADAMS et al. v. COWART et al.

Argued March 12, 1968—Decided April 4, 1968.

*Claud R. Caldwell, McGahee & Plunkett, Paul K. Plunkett,* for appellants.

*Thurmond & McElmurray, Ben Swain McElmurray, Jr.,* for appellees.

Mobley, Justice. This appeal by A. S. Adams, June Adams, and Lilyan B. Adams is from a decree granting a permanent injunction, enjoining them from maintaining trailers, operating a trailer park, and operating a used car lot, in violation of zoning regulations; and awarding attorney's fees. The petition for injunction and damages was brought by Mirik A. Cowart and others, as property owners residing in Hilltop Annex Subdivision in Richmond County, in the vicinity of the properties of the defendants (appellants here). The trial judge directed the jury to grant a permanent injunction, enjoining the defendants from operating a trailer park and from storing or maintaining house trailers on Lots 22, 27, 28, 29, and 30 of Hilltop Annex Subdivision, and from maintaining a house trailer and storing used cars on Lot 32. The remaining issues were submitted to the jury. The jury awarded $2,000 as attorney's fees.

The errors enumerated are as follows: (1) The court erred in allowing the zoning ordinance of Augusta-Richmond County to be introduced in evidence. (2) The court erred in directing a verdict as to Lots 22, 27, 28, 29, and 30. (3) The court erred in directing a verdict as to Lot 32. (4) The court erred in making a finding of fact on which it directed a verdict as to Lot 32, "that the trailer had not been properly made permanent." (5) The court erred in signing a final decree limiting to two the number of automobiles that the defendants may keep. (6) The court erred in charging the jury that attorney's fees could be awarded to the petitioners as expenses of litigation. (7) The

court erred in failing to grant a new trial on the ground that the verdict and decree were contrary to law.

■ The "Comprehensive Zoning Ordinance of the City of Augusta and unincorporated areas of Richmond County, Georgia," was introduced in evidence over the following objection: "If Your Honor pleases, we object to the Comprehensive Zoning Ordinance so called being introduced or admitted into evidence on the grounds that it was never properly adopted by the county commission as shown by plaintiff's Exhibit No. 20. The alleged minutes of the meeting as appear on the minutes of the clerk of the board of commissioners of roads and revenues, which shows that these minutes are those of the city council and which are signed by Thomas Beckham and not by the clerk of the county commission."

The exhibits introduced in evidence show that the City Council of Augusta and the Board of Commissioners of Roads and Revenues of Richmond County created a joint planning commission under authority of Ga. L. 1957, pp. 420-443, as amended (*Code Ann. Ch.* 69-12), and that both the council and the board of commissioners adopted and approved the zoning ordinance on March 25, 1963. There is no merit in the contention that it was not properly adopted by the board of commissioners.

■ The defendants contend that Section 22 of the zoning ordinance, regulating trailer or mobile home parks, is null, void, and of no effect as the section was effectively repealed by Ga. L. 1964, pp. 499, 561 (*Code Ann. Ch.* 88-11), giving the Department of Public Health and county boards of health certain supervisory controls of tourist courts. This supervision is for the purpose of promoting the health, sanitation, and safety of the public, and is ancillary to, and not antagonistic to, the regulation of trailer parks in the zoning ordinance of Augusta and Richmond County.

"A repeal by implication takes place only insofar as a statute is clearly repugnant to a former statute, and is so irreconcilably inconsistent with it that the two can not stand together, or is manifestly intended to cover the subject-matter of the former and operate as a substitute for it." *Sprayberry v. Wyatt,* 203 Ga. 27, 34 (45 SE2d 625). The Health Code did not repeal by

implication Section 22 of the Augusta-Richmond County Zoning Ordinance.

■ The evidence showed without dispute that Lots 22, 27, 28, 29, 30, and 32 of Hilltop Annex Subdivision were zoned R-1A (single family residential), and that house trailers are not permitted to be located, and used cars are not permitted to be stored, in districts thus zoned.

It is argued by the defendants that the house trailers on these lots do not come within the definition of a house trailer under the zoning ordinance, which definition is as follows: " 'Trailer Coach', 'Mobile Home', 'House Trailer', 'Mobile Commercial Unit' means any vehicle used, other than a towing vehicle, or maintained for use as a conveyance upon highways or city streets, so designed and constructed as to permit occupancy thereof as a temporary or permanent dwelling unit or sleeping place for one or more persons or for the vending of goods or services and having no foundation other than wheels or jacks."

The defendants in their answers admitted that they were operating a "trailer" park. Under the undisputed evidence the trailers were supported by stacked cement blocks, which would come within the classification of "jacks." Under the pleadings, oral testimony, and photographic exhibits, the house trailers of the defendants were "house trailers" within the definition of the zoning ordinance. Since the evidence demanded a finding that the house trailers of the defendants were located in a residential district in which they were prohibited, the trial judge did not err in directing a verdict for an injunction against the operation and maintenance of the trailer park and the maintenance of trailers on Lots 22, 27, 28, 29, 30, and 32.

■ The decree permanently enjoined the defendants "from storing, maintaining and keeping automobiles on Lot 32 of Hilltop Annex Subdivision except for two automobiles, from maintaining, placing and keeping any vehicles not in a running condition or parts thereof on Lot 32 of Hilltop Annex Subdivision."

A. S. Adams testified that he had about 20 used automobiles on Lot 32, the same lot on which was located the trailer in which he resided with his wife, June Adams. He stated that the cars

"are all in running condition, of course there may batteries be down and different things," and that he sells them if anyone wants them. The evidence is undisputed that the storage of used automobiles for sale, or used parts of automobiles, is prohibited on Lot 32, which is zoned R-1A, and the trial judge did not err in directing a verdict enjoining such use of Lot 32.

The defendants object to the language of the decree limiting them to keeping two automobiles on Lot 32. The definition in the zoning ordinance of "Automobile Sales or Storage Yards or Lots" is "an open premise used for the storage or sale of complete and operatable automobiles." The definition of "Automobile Used Parts Lot" is "any place where three or more vehicles not in running condition, or the parts thereof, are stored in the open, or any building or structure used principally for wrecking or storage of automobiles not in running condition or automobile parts." It appears that the language objected to in the decree confuses the definition of an automobile sales or storage lot with the definition of an automobile used parts lot.

This language of the decree should be corrected by substituting therefor the following: "from storing, maintaining, and keeping automobiles except for residential purposes on Lot 32 of Hilltop Annex Subdivision."

■ *Code* § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." The judge charged substantially in the language of this section, and added that it was only necessary to show that any one of these three conditions existed in order to recover attorney's fees. This charge was a correct statement of the law. *O'Neal v. Spivey*, 167 Ga. 176 (3) (145 SE 71).

■ By the admissions of the defendants in their answers, and under the evidence in the case, the jury was authorized to find that the defendants had been notified orally and had been given written notice that the petitioners objected to their maintenance of the trailer park and used car lot in violation of zoning regulations. There was evidence that zoning officials had advised the defendants of their violations of the zoning ordinance. A. S.

Adams, who managed the properties for his former wife, Lilyan Adams, and his present wife, June Adams, was quoted by several witnesses as stating his intention of using the properties as he desired, in defiance of the restrictions imposed under the zoning ordinance.

The defendants point out that the judge directed that the jury find against an injunction as to the use of one of the lots included in the prayers for injunction, and that the jury did not award any damages to the petitioners, and assert that these findings by the judge and jury show that they did not act in bad faith in resisting the action. The bad faith referred to in *Code* § 20-1404 pertains to the transaction out of which the cause of action arose rather than to the motive with which the defense is made. *Traders Ins. Co. v. Mann,* 118 Ga. 381 (7) (45 SE 426); *B-X Corp. v. Jeter,* 210 Ga. 250 (3) (78 SE2d 790); *Scott v. Dudley,* 214 Ga. 565 (4) (105 SE2d 752). In an action for injunctive relief and damages, where injunctive relief is granted, the failure of the jury to find damages would not prevent them from finding attorney's fees, where the evidence authorizes a determination that the defendants have acted in bad faith, been stubbornly litigious, or caused the petitioners unnecessary trouble and expense. See *B-X Corp. v. Jeter,* supra.

Evidence was introduced as to the value of the professional services rendered by attorneys for the petitioners, and the award of attorney's fees was supported by this evidence. The judgment for attorney's fees was not without evidence to support it by reason of the fact that there was no evidence that the attorneys had been paid, or that there was an agreement to pay them. In the absence of an agreement as to the amount of the fees, the attorneys were entitled to fees on the basis of quantum meruit. *O'Neal v. Spivey,* 167 Ga. 176 (3), supra.

The evidence was sufficient to show that the defendants had acted in bad faith and caused the petitioners unnecessary trouble and expense, and the award of attorney's fees was not erroneous.

■ The foregoing rulings have dealt with all questions made as to the failure to grant a new trial on the ground that the verdict and decree were contrary to law. Except as pointed out in

Division 4 hereof, the trial judge did not err in entering the decree.

*Judgment affirmed with direction. All the Justices concur.*