25394. GREENWAY v. GRIFFITH et al.

ARGUED SEPTEMBER 9, 1969—DECIDED OCTOBER 8, 1969.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.

*Dallas D. Veal, R. C. Whitman, Jr.,* for appellees.

ALMAND, Chief Justice. This appeal is: (1) from a judgment entered upon a jury verdict, and (2) from a judgment overruling a motion for a judgment notwithstanding the verdict.

The case had its origin when George L. Griffith filed an equitable complaint against E. P. Greenway, in which he alleged: (1) that he was the owner of, and in possession of, a tract of land consisting of 106 acres; (2) that he and his predecessors in title have owned and been in possession of the tract for more than 50 years; (3) that the defendant owns and is in possession of a tract of land which joins the plaintiff's land; (4) that the portion of land involved in this suit is in the shape of a triangle, bounded on the southwest and northwest side by the land of defendant; (5) that the defendant had maintained a barbed wire fence between their respective tracts of land; and (6) that sometime in 1965, the defendant began to trespass on plaintiff's tract by plowing and planting grain.

The prayers were: (1) that the defendant be enjoined from trespassing upon the plaintiff's land; (2) for general damages in a named sum; and (3) for attorney's fees by reason of defendant's acting in bad faith and being stubbornly litigious.

The defendant, in his answer, denied the material allegations of the complaint, and prayed for general damages and for attorney's fees.

On the trial of the case, the jury returned a verdict in favor of the plaintiff as to injunctive relief and awarded attorney's fees in the sum of $559. A decree was entered upon this verdict, enjoining the defendant from trespassing upon the triangular portion of plaintiff's 106 acre tract, and awarding plaintiff $559 as attorney's fees.

Based upon his motion for a directed verdict, the defendant filed a motion for a judgment notwithstanding the verdict. This motion was overruled.

The following errors are enumerated: (1) the overruling of the motion for a judgment notwithstanding the verdict; (2) failure of the evidence to support the verdict; and (3) the giving of certain instructions to the jury.

■ The first question is whether the evidence demanded

a verdict for the defendant. Counsel for the defendant, in his argument, contended that the description of the land in the deed under which the plaintiff claims title is too indefinite to operate as a conveyance or color of title, and that the evidence is insufficient to show title by prescription. Counsel for the plaintiff, on the contrary, relies on possession under a valid paper title.

In our opinion, the real issue in the case as shown by the pleadings and evidence lies in the determination of the true dividing line between these tracts of land.

Their respective deeds, as well as the evidence, show that their tracts of land are adjacent. The plaintiff's action was not one in ejectment or for a decree of title to land, but was to enjoin an alleged continuing trespass.

The court charged the principles of *Code* §§ 85-1602 and 85-1603 as follows: "I charge you that acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line. To establish a line by acquiescence it must appear that the line was in dispute, uncertain, and unascertained and that the owners of the property to be affected by the establishment of the line either acted in such manner for a space of seven years or made such declarations during the continuance of that period as to show that the line claimed was the true line between the estates. Actual possession by the respective owners up to the line may show acquiescence in the line, but such actual possession is not indispensable to show acquiescence in the line."

One of the errors assigned is that this charge was not authorized by the evidence. The record discloses that the plaintiff testified that sometime after the defendant bought the adjacent tract of land in 1954, he asked the plaintiff to help him find out where the dividing line was between the tracts. The plaintiff showed him the dividing line on the two sides of the triangle, and the defendant put up a fence on those two sides. This was about 1956, and the fence remained there until about 1965 when the defendant tore it down. There was testimony by other witnesses that the fence, as built by the defendant, remained there for more than seven years, and that during this period, the

plaintiff cultivated, from time to time, a portion of the triangular tract which was bounded on two sides by the fence. "The bare right to possession of lands shall authorize their recovery by the owner of such right, and also damages for the withholding of the right." *Code* § 105-1402. "The bare possession of land shall authorize the possessor to recover damages from any person who shall wrongfully, in any manner, interfere with such possession." *Code* § 105-1403. See also *Moss v. Thomson Co.*, 212 Ga. 184 (91 SE2d 485).

Though the defendant denied putting up the fence as claimed by the plaintiff, the evidence as to the parties building the fence was sufficient to authorize the court to charge the law relating to the establishment of a boundary line by acquiescence for seven years. In *Henderson v. Walker*, 157 Ga. 856 (1) (122 SE 613), which, like this case, involved a triangularly shaped tract, it was held: "On the trial of a case involving the establishment of a dividing line between coterminous landowners it was not error under the facts, for the court to instruct the jury: 'Where an agreement establishing a dividing line between adjoining properties is followed by acquiescence and possession, the parties are concluded by their agreement; and when the acquiescence and possession have continued for the period of time prescribed by the statute of limitations, a perfect title by adverse possession is acquired. If adjoining proprietors deliberately erect monuments or fences or make improvements on a line between their lands upon the understanding that it is the true line, it will amount to a practical location.' "

In *Tietjen v. Dobson*, 170 Ga. 123 (3, 4) (152 SE 222, 69 ALR 1408), it was held: "3. Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line. To establish a line by acquiescence it must appear that the owners of the property to be affected by the establishment of the line either acted in such a manner for a space of seven years, or made such declarations during the continuance of that period as to show that the line claimed was the true line between the estates. Actual possession by the respective owners up to the line may show acquiescence in the line, but such actual possession is not indispensable to show acquiescence in the line.

636

"4. An unascertained or disputed boundary line between co-terminous proprietors may be established by oral agreement, if the agreement be accompanied by actual possession to the line, or is otherwise duly exercised. In such instance the agreement may be executed by the erection of physical monuments upon the agreed line, or by the marking of trees plainly indicating the line, where such erection of monuments or marking of trees is done with the knowledge and mutual assent of the respective proprietors." See also *Wood v. Crawford*, 75 Ga. 733 (3).

The evidence was sufficient to support the verdict of the jury that the defendant was guilty of trespassing, and the decree granting a permanent injunction.

■ Enumerations of error 5 and 6 assert that the court erred in charging to the jury certain Code sections relating to general and special damages. Since the jury did not, in its verdict, grant the prayer of the plaintiff for damages, these instructions were harmless.

■ Asserted error number 7 complains of the court's submission of the issue of attorney's fees to the jury and giving in charge *Code* § 20-1404. This Code section provides that expenses of litigation may be recovered if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense.

Under the evidence and circumstances of the case, the jury was authorized to award attorney's fees.

It was not error to overrule the defendant's motion for a judgment notwithstanding the verdict.

*Judgment affirmed. All the Justices concur.*