## 28999. SHEARER v. GRIFFIN.

Per curiam.

This is an appeal from a judgment entered in a landline law suit after trial before a jury. The judgment permanently enjoined appellant and her agents from trespassing upon the land of the appellee, established a dividing line between the lands owned by the parties, and awarded expenses of litigation to the appellee. The appellant comes here by direct appeal and enumerates ten errors.

We affirm the judgment with direction that the award of expenses of litigation be written off.

1. The first enumerated error complains that the appellant's husband, a witness in the case, was not permitted to remain in the courtroom to assist appellant's counsel in the trial of the case after appellant's counsel stated in his place that the assistance of the witness was needed during the conduct of the trial. The witnesses were sequestered, and the sequestration of

appellant's husband, a witness, was within the discretion of the trial judge. There was no abuse of discretion in this case, and this enumerated error is without merit.

2. The second enumerated error complains of the overruling of appellant's motion for a mistrial because remarks made in his opening statement by counsel for the appellee. The trial judge, in overruling the motion for a mistrial, gave adequate instructions to the jury, and this enumerated error is without merit.

3. Enumerations of error three through eight complain about the allegations and evidence that relate to prior litigation between the parties concerning another land-line dispute on lands adjacent to the lands involved in the present case. The appellant's contention is that this previous litigation was irrelevant and immaterial to the dispute being tried in the instant case. Having reviewed this record, we find that this prior litigation and its result were not wholly immaterial to the dispute being tried, and these enumerated errors are without merit.

4. Enumerated errors nine and ten relate to the issue of expenses of litigation. The appellant moved for a directed verdict of this issue which was overruled, and the appellant then excepted to the charge of the court to the jury on this issue. Code § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

Prior to the trial the parties stipulated and agreed that each had title to his respective tract of land and that the issue involved was the location of the dividing line between them. Also the evidence introduced did not demand a verdict for the plaintiff. On these facts, there has been no showing of bad faith. *Colbert Co. v. Newsom,* 125 Ga. App. 571, 593 (188 SE2d 266); *Moon v. Ga. Power Co.,* 127 Ga. App. 524, 527 (194 SE2d 348); *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746, 747 (125 SE2d 709); *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 863 (149 SE2d 864); *American Casualty Co. v. Seckinger,* 108 Ga. App. 262 (132 SE2d 794); *Lincoln Life Ins. Co. v.*

*Anderson,* 109 Ga. App. 238 (3) (136 SE2d 1); *U. S. Fidel. &c. Co. v. Biddy Lumber Co.* 114 Ga. App. App. 358, 359 (151 SE2d 466); *U. S. Fire Ins. Co. v. Tuck,* 115 Ga. App. 562, 574 (155 SE2d 431). See also *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454); *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823, 828 (136 SE2d 351); *Home Indemnity Co. v. Godley,* 122 Ga. App. 356, 363 (177 SE2d 105), cert. den. 122 Ga. App. 905; and *Boston-Old Colony Ins. Co. v. Warr,* 127 Ga. App. 364 (193 SE2d 624), cert. den. 127 Ga. App. 889.

For an instance where the award of expenses of litigation is proper see *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317), cert. den. 126 Ga. App. 871.

The trial court erred in authorizing the jury to award expenses of litigation under Code § 20-1404.

*Judgment affirmed with direction that the award of expenses of litigation be written off. All the Justices concur, except Undercofler, Gunter and Ingram, JJ., who dissent from Division 4 of the majority opinion.*

ARGUED JULY 8, 1974 — DECIDED OCTOBER 17, 1974.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellant.

*Jack Knight,* for appellee.

GUNTER, Justice, dissenting.

I would affirm the judgment of the trial court in its entirety, and I therefore dissent from the judgment rendered today.

I think that whether the appellee was entitled to recover expenses of litigation in this case was a legitimate jury issue, and the jury resolved that issue in favor of the appellee by awarding the sum of $750 as expenses of litigation.

The complaint of the appellee alleged: "That defendant and her agent, Kenneth Shearer, are well acquainted with the location of the west original line of said lot number 317 in the fifth land district of Berrien County, Georgia, the west boundary of the lands owned

by defendant. That the location of said west original line was recognized and surveyed under agreement of the parties hereto, and was fixed by judgment and decree of the Superior Court of Berrien County, Georgia, in civil action number 1404, entitled Sally B. Shearer v. Q. T. Griffin. That a survey plat showing the location of said west original line is attached hereto as Exhibit C. That the said fence being erected by defendant lies west of the west original line of said lot number 317; and the defendant, through her agent, Kenneth Shearer, is wilfully and knowingly attempting to fence in lands of plaintiff in said lot number 318. That said trespass is being knowingly and wilfully done by the defendant. That the defendant has acted in bad faith in said trespass, and has caused the plaintiff unnecessary trouble and expense, and plaintiff is entitled to recover expenses of this litigation in the amount of $1000."

Former litigation between the parties with respect to the location of the west original line of land lot 317 had established the location of that line. The former litigation had involved lands owned by the same parties that were adjacent to the lands involved in this lawsuit. The prior litigation had determined the northwest corner and the southwest corner of lot 317, and it had also determined that the line between those two corners was a straight line. The only issue in dispute in this lawsuit was the location of the western boundary line of lot number 317.

In 1973, this court said in *Standard Oil Co. v. Mt. Bethel Church,* 230 Ga. 341, 343 (196 SE2d 869): "Attorney fees as expenses of litigation are not punitive or vindictive damages, but stand alone, are regulated by Code § 20-1404, and the jury may allow them if the defendant has acted in bad faith *in the transaction out of which the cause of action arose.* [Cits.]" This court held in that case that the evidence was sufficient to support the award of attorney fees on the basis that the appellants acted wilfully and in a stubborn and litigious manner.

In the case of *Adams v. Cowart,* 224 Ga. 210, 215 (160 SE2d 805), decided in 1968, this court said: "The defendants point out that the judge directed that the jury find against an injunction as to the use of one of the lots

included in the prayers for injunction, and that the jury did not award any damages to the petitioners, and assert that these findings by the judge and jury show that they did not act in bad faith in resisting the action. The bad faith referred to in Code § 20-1404 pertains to the transaction out of which the cause of action arose rather than to the motive with which the defense is made. [Cits.] In an action for injunctive relief and damages, where injunctive relief is granted, the failure of the jury to find damages would not prevent them from finding attorney fees, where the evidence authorizes a determination that the defendants have acted in bad faith, been stubbornly litigious, or caused the petitioners unnecessary trouble and expense. . . The evidence was sufficient to show that the defendants have acted in bad faith and caused the petitioners unnecessary trouble and expense, and the award of attorney's fees was not erroneous."

In *Grant v. Hart,* 197 Ga. 662, 672 (30 SE2d 271), this court, after quoting Code § 20-1404, said: "It will be observed that the last-cited code section declares that, 'if the defendant has acted in bad faith,' expenses of litigation may be recovered. The bad faith there referred to means bad faith in the transaction which constitutes the basis of the action. In the present case it means the bad faith in which the defendant acted in the stock transactions about which the petition complains. The judge did not err in submitting this question to the jury, or submitting it in the form in which it was submitted."

In *O'Neal v. Spivey,* 167 Ga. 176 (145 SE 71), this court said: "The expenses of litigation where the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, may be allowed under the provisions of § 4392 of the Civil Code (1910). Any one of these three species of bad conduct may authorize a recovery of attorney's fees under the provisions of this code section. Acting in bad faith, or being stubbornly litigious, or causing the plaintiff unnecessary trouble or expense might in a particular case suffice to authorize a finding for attorney's fees."

In *Traders Ins. Co. v. Mann,* 118 Ga. 381 (45 SE 426), this court said: "The constitutional right to be heard in

the courts is granted defendants as well as plaintiffs; and a defendant will not be charged with expenses of litigation except in cases when he has acted in bad faith. This refers to 'bad faith' in the transaction out of which the cause of action arose, rather than to the motive with which the defense is being made."

The case of *Greenway v. Griffith,* 225 Ga. 632 (170 SE2d 423) (1969), involved a land-line dispute between Griffith and Greenway. Griffith sought a permanent injunction enjoining the trespass, and he also sought expenses of litigation. The jury found in favor of Griffith and also awarded him expenses of litigation in the amount of $559. In the opinion this court stated that the record disclosed that Griffith testified that sometime after Greenway bought the adjacent tract of land in 1954, he asked Griffith for help in determining where the dividing line was between the tracts. Griffith showed him the dividing line, and Greenway put up a fence. That was about 1956, and the fence remained there until 1965 when Greenway tore it down. This court held that the evidence was sufficient to support the verdict of the jury that the defendant was guilty of trespassing, and on the issue of expenses of litigation this court said: "Asserted error number 7 complains of the court's submission of the issue of attorney's fees to the jury and giving in charge Code § 20-1404. This code section provides that expenses of litigation may be recovered if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense. Under the evidence and circumstances of the case, the jury was authorized to award attorney's fees."

This line of cases means to me that if there is a preceding or underlying transaction that has a relationship to later litigation, or if the later litigation arises because of a dispute about the earlier transaction, and if there is evidence showing bad faith, or being stubbornly litigious, or causing unnecessary trouble and expense on the part of a party involved in the earlier or underlying transaction, then it is proper to submit the issue of expenses of litigation to the jury for determination.

It is my view that there was ample evidence in this

case to show that the appellant knew that the western boundary of lot number 317 had been previously determined by litigation in which she was a party, and this being, so, the jury was authorized to find against the appellant on the issue of litigation expenses.

I would affirm the judgment of the trial court in its totality.

I respectfully dissent.

I am authorized to state that Justices Undercofler and Ingram concur in this dissent.