## 29063. BREWER v. HEAD et al.

PER CURIAM.

This is a land line case brought by the appellant William F. Brewer against T. B. Head and F. A. Head in the Superior Court of Polk County seeking money damages and injunctive relief for trespass to their land.

The complaint alleged that the plaintiff-appellant was the owner of certain described property in Polk County; that the defendants owned property to the north of his and were trespassing and cutting timber on approximately 13 acres belonging to him. The defendants denied all the material allegations, admitted that they owned land adjacent to the appellant, but asserted that they were occupying only what they had owned or

possessed with their predecessors in title for more than 40 years. They also filed a counterclaim contending that the appellant had brought an unfounded lawsuit, had been stubbornly litigious, was prosecuting the suit in bad faith and that they were entitled to exemplary damages.

It appears that plaintiff owned land located in Land Lots 921 and 922 and that defendants owned land in Land Lots 879 and 880 north of plaintiffs' land. Their dispute was over the location of the line dividing those land lots.

After a pre-trial conference, the trial judge issued an order setting forth the claims of the parties and the following uncontroverted facts established by admission in the pleadings or by stipulations of counsel: "Plaintiff is the owner of his respective tract of land and defendants are owners of their respective tract of land, the dispute between the parties being the location of the line separating their respective properties. Neither party shall be required to offer evidence as to title of his or their respective tract of land for the purpose of making out a prima facie case."

The pre-trial order also stated the contested issues of law to be as follows: "Within the contentions of the parties is the claim by plaintiff that both plaintiff and defendant took title to their respective properties from a common grantor and that, therefore, the lines separating the respective tracts would be identified by the location of the original land lot lines separating the respective properties regardless of any prior line established by agreement, acquiescence or otherwise. Defendants contend that many years ago there was a line established in some method recognized by the law separating the respective properties involved in this litigation at a time before the same was owned by the common grantor of the parties to this litigation. They do not contend that this line as thus established necessarily determined a line in a description subsequently used by a common grantor in conveying away the tract of land. However, defendants do contend the prior line thus established was recognized by a subsequent purchaser or purchasers and became a line by agreement and by acquiescence in recent years so as to constitute the line separating the respective tracts of the parties to this litigation.

"Defendants contend that even though the heirs at law of S. J. Nichols are the common grantor that the old established line which had previously separated the respective tracts became the line at the time of subsequent sale because of marking, hedge rows and general knowledge within the community as to the location. of this line. Plaintiff disputes this contention and claims that all of the property became one tract when acquired by S. J. Nichols and that a sale by his heirs at law as common grantors located the lines separating the respective tracts along the original land lot lines."

The case went to trial on the issues as set out above. In his opening statement to the jury appellant's counsel explained the coincidence of the disputed dividing line being the same as the land lot line. Referring to the common grantor, he said: "He deeded our clients the land in land lot No. 921 and 922 and the land that was deeded to Mr. Head was two entirely separate and different land lots, which means the land lot line between them is the line." At the close of the presentation of evidence the appellant moved for a directed verdict, which was overruled, and the jury returned a verdict for the defendants.

On appeal three errors are enumerated: that the trial court erred in charging the jury that it must decide the proper location of the land line, rather than the land lot line; that testimony was erroneously admitted as to the existence of any dividing line established prior to the common grantor; and that it was error to charge the jury that a common dividing line could be established by seven years acquiescence, or by agreement unaccompanied by actual possession where a subsequent purchaser without notice of such agreement takes a deed with no description but the original lines.

1. The pre-trial order specifically stated that "the dispute between the parties [is] the location of the line separating their respective properties." It further provided that it was formulated after a conference at which counsel for the respective parties appeared; that reasonable opportunity was afforded counsel for corrections or additions prior to signing by the court; and that thereafter the order would control the course of the

trial and could not be amended except by consent of the parties and the court or by order of the court to prevent injustice.

The charge assigned as error was: "The sole issue which is before you are the two issues, are proper location of the land line and any property damage or damage to the property in case you find for the plaintiff." In view of the nature of this dispute, the pre-trial order and the explanations which had been made to the jury, we cannot say that the trial court's statement of the issue was error, or if error, that it was harmful to appellant.

2. It is the appellant's contention that the trial court erred in allowing any testimony regarding the dividing line prior to ownership of the land by the common grantor. Under many circumstances, owners of land coming from a common grantor would not be bound by a dividing line prior to ownership by the common grantor.

However, the dispute here was as to the location of the land lot line which would be the same before, during and after the common grantor. The trial court allowed such testimony as to the dividing line prior to the common grantor for the purpose of establishing the location of the land lot line. The evidence was admissible for that purpose and the jury was not bound to accept it.

3. The final enumeration is that the trial court erred in charging the jury that a common dividing line can be established by seven years acquiescence, or by agreement unaccompanied by actual possession where a subsequent purchaser without notice of such agreement takes a deed with no description but the original lines.

The trial court charged the language of Code § 85-1602 and also: "I charge you that actual possession up to the dividing line is not indispensable to show acquiescence." This principle of law is well established. *Tietjen v. Dobson,* 170 Ga. 123 (3) (152 SE 222, 69 ALR 1408); *Greenway v. Griffith,* 225 Ga. 632, 635 (170 SE2d 423).

If appellant is contending that this instruction was not authorized by the evidence, such a contention would be without merit. The evidence showed that the property of S. J. Nichols, the common grantor, in Land Lots 921 and 922 was conveyed to Ralph Waters in 1950, and was

conveyed by Ralph Waters to his brother-in-law, the appellant, in 1961. The evidence showed further that Durray Waters, father of Ralph Waters and father-in-law of appellant, occupied the property continuously from 1950. Durray Waters testified as to agreement or acquiescence as to the dividing line until a survey was made, in April, 1973. The charge was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 5, 1974 — DECIDED FEBRUARY 4, 1975.

*Murphy & Witcher, Thomas B. Murphy,* for appellant.

*Dunaway & Perry, Marson G. Dunaway,* for appellees.