33043, 33044. SHIPP et al. v. RAKESTRAW
(two cases).

NICHOLS, Chief Justice.

B. K. and H. R. Rakestraw brought separate complaints against appellants to enjoin them from trespassing on land allegedly owned by the Rakestraws. The appellants answered, contending that the dividing line had been established in a processioning action in 1967 and claiming title by adverse possession. The cases were consolidated for trial and the jury found in favor of the Rakestraws. Appellants filed separate motions for new trial, the overruling of which resulted in these appeals.

1. The first enumeration of error contends that the trial court erred in charging the law on acquiescence.

There was evidence that the fence alleged to be the dividing line had been in existence for ten years prior to appellants' acquiring the property; that it was recognized by appellants' predecessors in title as the dividing line; and that it was referred to in appellants' deed as the boundary; that the first dispute about whether or not the fence was the boundary was raised by appellants around or before 1961. The present action was filed in 1976. This enumeration of error has no merit. *Greenway v. Griffith,* 225 Ga. 632, 635 (170 SE2d 423) (1969); *Cothran v. Burk,* 234 Ga. 460 (216 SE2d 319) (1975).

2. The fifth enumeration of error contends the trial court erred in not sustaining appellants' plea of res judicata and in submitting the issue to the jury. The evidence was in conflict as to whether or not the plaintiffs received the notice of processioning required under Code Ann. § 85-1605. Therefore, a jury question was presented on this issue. Since the jury resolved the issue in favor of the plaintiffs, this enumeration of error has no merit.

3. The second, third, sixth and seventh enumerations of error contend that the plaintiffs committed perjury and that the jury made a mistake in their findings. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." Code Ann. § 38-1805. The testimony contended to be perjured was not impeached. The jury resolved the factual issues. The evidence supports the verdict. None of these enumerations has merit.

4. The fourth enumeration of error was not argued in the brief and is deemed to be abandoned. Rule 18(c)(2) of this court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 9, 1977 — DECIDED MARCH 1, 1978.

Evelyn Shipp, *pro se.*
*Lane & Sanders, W. Robert Lane,* for appellee.