## 33642. EVANS v. EVANS.

JORDAN, Justice.

This is an appeal by Dorothy Evans from an order of the Superior Court of DeKalb County which held her former husband in contempt for failure to pay temporary alimony, but further ordered that no sums be awarded as expenses of litigation or attorney fees to the appellant. Appellant argues that Code Ann. § 30-219 mandates an award of attorney fees on attachment for contempt for failure to pay alimony.

Code Ann. § 30-219 provides in relevant part: "In all cases wherein alimony has been awarded to any wife . . . against any defendant in any suit for divorce, . . ., and the defendant shall have failed to pay such alimony and he shall be cited for contempt before the court for having failed to make payment of such alimony, if upon the hearing of such proceedings it is found that the husband has failed to pay the alimony awarded against him, either temporary or permanent, for no justifiable reason, the court *shall* award to the attorney for the wife or children or the wife and children in such proceedings a reasonable fee of not less than $25 against the defendant, . . ."

(Emphasis supplied.)

In 1977, the Georgia General Assembly amended Code § 30-202.1 (Ga. L. 1977, p. 312) by striking the former section and substituting a new section in relevant part as follows: "(a) The grant of attorney's fees as a part of the expenses of litigation made at any time during the pendency of the litigation, whether the action be for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case shall be: (1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of the wife, as well as those of the husband, as a part of its determination of the amount of attorney's fees, *if any,* to be allowed against the husband." (Emphasis supplied.)

By the terms of Code § 30-219, if a husband is found in contempt, the award of attorney fees by the trial court in some amount, with a minimum of $25, is mandatory. The recent amendment of Code § 30-202.1 (a) (1) vests the trial court with the additional discretion of determining whether any amount will be awarded as attorney fees to the wife's attorney as a part of the expense of litigation when a husband is found in contempt. A review of the legislative history of new Code § 30-202.1 does not disclose a specific repeal of the provisions of Code § 30-219 requiring a mandatory minimum award of $25 attorney fees in each contempt case arising from a divorce. The question remaining is whether it was the intention of the legislature that Code § 30-202.1 repeal Code § 30-219 by implication.

The basic test to be employed in determining whether there has been a repeal by implication is whether the provision of the two Acts in question is so repugnant or inconsistent that they cannot stand together. *Board of Public Ed. &c. for Bibb County v. Zimmerman,* 231 Ga. 562 (203 SE2d 178) (1974). Where there is an irreconcilable conflict between an earlier statute and a subsequent enactment, the subsequent enactment governs. However, repeal by implication takes place only insofar as a statute is clearly repugnant to a former statute. *Adams v. Cowart,* 224 Ga. 210 (160 SE2d 805) (1968).

The provisions of Code § 30-202.1 (a) (1) and Code § 30-219 are in direct and irreconcilable conflict as to the discretion to be exercised by the trial court regarding the award of attorney fees in contempt cases arising from divorce. Accordingly, the subsequent enactment of new Code § 30-202.1 (a) (1) has repealed by implication the provisions of Code § 30-219 requiring a mandatory award of attorney fees in contempt cases.

The trial court was not required in this case to award minimum attorney fees to the appellant, and the trial court's order denying any attorney fees to the appellant has not been shown to be an abuse of discretion under Code § 30-202.1 (a) (1).

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Hill and Bowles, JJ., who dissent.*

SUBMITTED MAY 26, 1978 — DECIDED
SEPTEMBER 6, 1978.

*Martin F. Hale,* for appellant.
*B. J. Smith, John H. Longabaugh,* for appellee.

BOWLES, Justice, dissenting.

The question presented is whether or not the Acts of 1977, at page 312, are so repugnant or so inconsistent with the existing law set out in Code Ann. § 30-219 that they cannot stand together. The majority opinion does not contend that the prior statute has been repealed, except by implication. Although there is some conflict between the two Acts, it should be noted that the 1977 Act deals with "the grant of attorney's fees as a part of the expenses of litigation made *at any time during the pendency of the litigation, . . .*" This would not be repugnant to the minimum attorney fee requirements of § 30-219 when applied to contempt citations brought after the litigation has been completed and a final judgment entered. The $25 minimum fee in such circumstances is modest at best, but its specific provision has not been repealed. It only applies when the husband has failed to pay "for no justifiable reason." An unfair burden is placed on wives or children to have to pay attorney fees out of awards which are

sometimes modest, when the husband or father offers no justifiable reason for nonpayment. It can be argued that a judge will not abuse his discretion in such instances, but he did in this case.

I respectfully dissent.